HENRY D. BABCOCK, Assignee, etc., Respondent, *v.* GEORGE R. READ, Appellant.

It is not essential to the validity of an agreement between parties to share in the profits or losses of a contemplated speculation in real estate, that it should be in writing, it does not involve such an interest in the property as, under the statute, requires a written contract.

(Argued March 26, 1885; decided April 14, 1885.)

THE complaint in this action alleged an agreement between plaintiff's assignor and defendant for the purchase, on speculation, of certain real estate on joint account, the profits or loss to be shared equally; that the purchase was made, the purchase-money being paid by plaintiff, and the deed taken in his name; that the speculation resulted in a loss, one-half of which plaintiffs ought to recover.

The court found in substance that defendant was a member of a firm of real estate brokers, and plaintiff a merchant who had made purchases of real estate on speculation through defendant's firm; that defendant advised plaintiff that certain premises were for sale at what he considered a very low price. He expressed a desire to have an interest in the speculation, and plaintiff offered to make the purchase, and let defendant "in on joint account, take pot luck profits and loss, and go in even;" which proposition defendant accepted. The purchase was made, plaintiff paying the consideration and taking the title. Defendant undertook the agency for a resale. The property was held about ten years, and then sold at a loss, through defendant's firm, after consultation with, and without objection from, him. *Held*, that the contract was valid, and plaintiff was entitled to recover.

The court say: "The only question involved in the case is whether the contract, which was concededly made between the parties, was one for the purchase of an interest in real estate, or simply that of an agreement to share in the profits or losses of a contemplated speculation in such property. It has been frequently held, if it was the latter, that such an agreement was valid and binding between the parties although evidenced by no writ-

ten instrument and resting wholly in parol. (*Traphagen* v. *Burt*, 67 N. Y. 30; *Chester* v. *Dickerson*, 54 id. 1; *Getty* v. *Devlin*, id. 403.) That an agreement to share in the profits or losses of an adventure in property does not involve such an interest in the property purchased as under the statute requires the contract to be in writing, has also been held in many cases. (*Coleman* v. *Eyre*, 45 N. Y. 39; 2 Vesey, 696; *Bissell* v. *Harrington*, 18 Hun, 81.)"

*Joseph A. Welch* for appellant.

*M. W. Devine* for respondent.

RUGER, Ch. J., reads for affirmance of order of General Term and for judgment absolute against defendant on stipulation.

All concur.

Order affirmed and judgment accordingly.