HILMA CARLSON, Respondent, *v.* THE OCEANIC STEAM NAVIGATION COMPANY (Limited), Appellant.

In an action against a steamship company for the loss of a trunk and its contents, the baggage of a passenger, a Swede, emigrating to the United States, the plaintiff testified to the contents of the trunk, showing they were such as under any circumstances would fairly be called baggage, defendant called as a witness an inspector of customs at the port of New York, who, after testifying that he had in hundreds of instances examined the baggage of emigrants from Sweden and Norway and could give a fair idea of the value of the ordinary baggage of those emigrants, was asked to state what, in all his experience, was the actual value of the baggage he had ever seen in any one trunk from those countries in the custody of any one emigrant. This was objected to and excluded. *Held*, no error.

A female passenger who simply carries, as part of her ordinary baggage, such small articles of jewelry and silverware as would, under any circumstances, be considered as a proper and legitimate part thereof, is not a shipper of such articles within the meaning of the provision of the United States Revised Statutes (§ 4281), which prohibits any shipper of jewelry, gold or silver, manufactured or unmanufactured, from lading such articles as freight or baggage, without giving notice to the master and having them entered on the bill of lading, and said provision does not apply

As to whether said provision is applicable to a foreigner making a contract of carriage with a foreign corporation outside the jurisdiction of this country, *quære*

(Argued April 12, 1888; decided April 24, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought by plaintiff, a Swedish peasant woman, who, emigrating to this country, was a passenger on one of the steamers of the defendant's line, for the loss of her baggage, consisting of a trunk and its contents.

The facts material to the questions discussed are stated in the opinion.

*Lawrence Godkin* for appellant. The evidence offered of the inspector of customs as to the value of the ordinary baggage of emigrants from Sweden and Norway was erroneously excluded. (*Snow* v. *East. R. R. Co.*, 12 Metc. 44; 1 Greenl. on Ev. § 52; 1 Taylor on Ev. § 316; *Platner* v. *Platner*, 78 N. Y. 95; Wharton on Ev. § 21; *Doe* v. *Kemp*, 7 Bing. 332; *Noble* v. *Kennoway*, 2 Doug. 510; *Darling* v. *Westmoreland*, 52 N. H. 405, 410; *Miller* v. *N. Am. Ins. Co.*, 1 Abb. N. C. 470.) The defendant is only liable as insurer for such baggage as is ordinarily or usually carried by passengers of like station and pursuing like journeys. (*R. R. Co.* v. *Fraloff*, 100 U. S. 24; *Pardee* v. *Drew*, 25 Wend. 459; *Macrow* v. *Great Western R. Co.*, L. R., 6 Q. B. 612; *Pennsylvania Co.* v. *Miller*, 35 Ohio St. 541; Best's Prin. of Ev. [Chamberlayne's ed.] 25; *Astor* v. *Merritt*, 111 U. S. 202.) The defendant was not liable for the jewelry and the silk under section 4281 of the Revised Statutes of the United States, which applies to owners of foreign as well as domestic vessels. (*The "Scotland,"* 105 U. S. 24; *Macrow* v. *Great Western R. Co.*, L. R., 6 Q. B. 612; *Cahill* v. *L. & N. W. R. Co.*, 100 Eng. C. L. 172.) Cloth not made up cannot be considered baggage for which a common-carrier is liable. (*Pardee* v. *Drew*, 25 Wend. 459; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Wilson* v. *Grand Trunk R. R. Co.*, 56 Me. 60; *Michigan Central R. R. Co.* v. *Carrows*, 73 Ill. 348; *Smith* v. *Boston, etc., R. R. Co.*, 44 N H. 325; *Blumantle* v. *Fitchburg R. R. Co.*, 127 Mass. 322; *Stimson* v. *Conn. R. R. R. Co.*, 98 Cush. 83; *Dexter* v. *Syracuse, etc., R. R. Co.*, 42 N. Y. 326.)

*J. Edward Swanstrom* for respondent. No person other than the plaintiff could possibly testify as to the value of articles that had been locked up in the trunk which had been lost. (*Hancock* v. *Rand*, 13 Week. Dig. 208; *Merrill* v. *Grinnell*, 30 N. Y. 594.) Whether the amount of baggage carried by the plaintiff was reasonable was not properly a subject of expert evidence. (*Schwinger* v. *Raymond*, 105 N. Y. 648.) As the evidence shows that the "jewelry" was simply such as is ordi-

narily worn upon the person, it comes under the head of baggage. (*Merrill* v. *Grinnell*, 30 N. Y. 617 ; Thomp. on Carriers, 512 ; *Dexter* v. *Syracuse, B. & N. Y. R. R. Co.*, 42 N. Y. 326.)

*Per Curiam.* There are but two questions presented for review in this court, one arising upon an exception taken by defendant to the exclusion of certain evidence offered by it, and the other upon an exception taken by it to a refusal of the court to charge the jury as requested. A majority of the court think that neither objection is tenable. The defendant called as a witness an inspector of customs at the port of New York, who testified that he had been such for ten years, and had been specially detailed to examine the baggage of emigrants from Sweden and Norway upon their arrival in port, and had examined such baggage on hundreds of occasions for the purpose of ascertaining whether there were dutiable goods therein. He said he could give a fair idea of the value of the ordinary baggage of those emigrants. He was then asked to state, what, in all his experience, was the actual value of the baggage that he had ever seen in any one trunk from those countries in the custody of any one emigrant. This question was objected to as immaterial and incompetent, and the objection was sustained and an exception taken by defendant. The evidence was claimed to be competent on the part of the defendant upon the issue, as to what was the value of the baggage ordinarily or usually taken by passengers of like station as plaintiff, and pursuing a like journey.

The case of *Railroad Company* v. *Fraloff* (100 U. S. 24), was cited as an authority for such evidence. It is thought that it does not bear out such contention. The question in that case was whether such an amount and value of lace as was carried by the passenger in her lost trunk could, under any circumstances, be called or come within the fair meaning of the term baggage. The court held that it was a question of fact for a jury under proper instructions to decide, and as there was evidence that the passenger habitually wore such

lace on ball and theatre and other dresses, and that it was necessary for a person in her station to carry it when traveling, the verdict in favor of the passenger would not be set aside. But in this case the contents of the trunk, as sworn to by the plaintiff, were such as, under any circumstances, would fairly be called baggage, and whether it was more or less than emigrants usually traveled with was not important, as in any event it could not be said to be more than any one would have a right to travel with and to hold a carrier responsible for the loss of.

We have examined the other cases cited by counsel for defendant arising in this state, and some of them reported in this court, but we do not think they sustain or point to any rule which would make the proposed evidence admissible.

As to the other question arising upon the section (4281) of the United States Revised Statutes, which prohibits any shipper of (among other things) jewelry, trinkets, gold or silver, manufactured or unmanufactured, from lading such articles as freight or baggage, without giving notice to the master of the character and value thereof and having the same entered on the bill of lading, we do not think the plaintiff comes within the purview of the statute, as she is not a shipper of any such articles within the meaning of the law. She was simply carrying, as part of her ordinary baggage, such small articles of jewelry and silverware as under any circumstances would only be regarded as a proper and legitimate part thereof. There is also some question whether the law is applicable to the plaintiff, a foreigner, who made the contract of carriage with a foreign corporation outside the jurisdiction of this country, even though action is brought in this country and upon such contract. But for the reason already given the statute does not apply

The judgment should, therefore, be affirmed, with costs.

All concur except EARL, PECKHAM and GRAY, JJ., who dissent on the first ground.

Judgment affirmed.