## FANNIE BEAN, RESPONDENT, *v.* GEORGE W. CARLETON AND OTHERS, APPELLANTS.

*Evidence — that a provision in a contract is unusual — as to the cost which would attend the execution of the contract — basis of damages.*

In an action brought to recover damages for the alleged breach of a contract made by a publisher, in not publishing a book of which the plaintiff was the author, evidence on behalf of the publisher, to the effect that the written portion of the agreement is an unusual contract to be made between a publisher and an author, is incompetent.

In such an action testimony introduced on behalf of the plaintiff, as to the cost of printing such a book as the one in question, is properly received as bearing upon the disputed question whether a memorandum offered in evidence, as containing the contract of the parties, embodied the entire agreement.

Such evidence might tend to prove that the bargain as testified to by the other party was unreasonable.

*Cornell* v. *Markham* (19 Hun, 275) followed.

The difficulties, involved in estimating the injury done to an unknown author by the breach of a contract to publish his first book, do not preclude a recovery by him or require the jury in such a case to render a verdict for merely nominal damages.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of New York on the 19th day of December, 1887, and from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

This action was brought to recover damages for the alleged breach of a contract made by the defendants for the publication of a book of which the plaintiff was author, and a verdict was rendered in favor of the plaintiff for $900 damages.

*Edmund Coffin, Jr.,* for the appellants.

*Alfred B. Cruikshank,* for the respondent.

BARTLETT, J.:

This is an action to recover damages for an alleged breach of contract in regard to the publication of a book of which the plaintiff was the author. On a previous appeal we held that, inasmuch as the written agreement did not purport to cover the entire contract between the parties, the omission might be supplied by oral testi-

mony. (*Bean* v. *Carleton*, 6 N. Y. State Rep., 641.) On the trial which resulted in the judgment now appealed from, such parol evidence was admitted. The court clearly erred, however, in receiving the evidence of Mr. George H. Putnam, a publisher, to the effect that the written portion of the agreement was an unusual contract between a publisher and an author. No case is cited as authority for the admission of such evidence, nor do we know of any rule of law which justifies its reception. In *Carlson* v. *Oceanic Steam Navigation Company* (109 N. Y., 359), a Swedish peasant woman sued to recover the value of her trunk and its contents, lost on the defendant's line of steamers, and evidence was offered for the defense tending to show that the usual value of the baggage of such passengers was less than that claimed to have been lost by the plaintiff. The trial court refused to admit the evidence and the ruling was sustained. This decision is adverse to the respondent upon the point under consideration. It is suggested, in the present case, that proof of the unusual character of the written agreement tends to support the testimony of the plaintiff that the writing did not express her whole contract with the defendants; but, inasmuch as parties may, and in fact often do, enter into agreements out of the common run, we think it is going too far into the realm of mere speculation to assume that simply because the terms of a stated contract are novel or exceptional, it is probable that the real agreement between the parties is different from that alleged.

It was also error to admit evidence, against the objection and exception of the defendant's counsel, as to the failure of the defendants to illustrate the plaintiff's book in the manner agreed upon. The complaint alleged certain specific breaches of the contract, of which this was not one. It said nothing whatever about the illustrations or the omission to provide such as were promised by the defendant Carleton. The plaintiff's testimony, therefore, to the effect that he had failed to fulfill his agreement with her in this respect, was irrelevant to any issue in the case. In overruling the objection, the court conceded that no recovery could be had on this ground, but intimated that the testimony might go to show whether the whole agreement was carried out or not. This view, however, did not render it any more admissible, for proof that a contract has been violated in one particular has no tendency what-

ever to show that it has been violated in other and widely different particulars.

The testimony introduced in behalf of the plaintiff as to the cost of printing such a book as hers, at the time it was printed by the defendants, was properly received. (*Cornell* v. *Markham*, 19 Hun, 275.) It was relevant to the disputed question whether the memorandum embodied the entire agreement between the parties; and, as in the case cited, it tended to prove that the bargain, as testified to on the other side, was unreasonable.

The appellant insists that the complaint should have been dismissed for the plaintiff's failure to prove any damages at all, or that, in any event, the jury should have rendered a verdict for nominal damages only. It is not necessary to express any opinion on these points, as we must reverse the judgment on account of the erroneous rulings already considered; and it may very well be that the plaintiff, on another trial, will be able to offer more certain and satisfactory proof of the damages she sustained. The difficulties of fairly estimating the injury done to an unknown author by the breach of a contract to publish that author's first book are manifestly very great, but they are not necessarily insuperable, and " a person violating his contract should not be permitted entirely to escape liability because the amount of damages which he has caused is uncertain." (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y., 205, 209.)

Judgment reversed and new trial granted, with costs to appellant to abide event.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.