Case sent back to be properly settled and certified.

Isaac Ostrander, Plaintiff, *v.* Egbert Snyder, Defendant.

*Parol evidence to show the purpose of a due bill — parol agreement to share profits or losses in a real estate speculation — Statute of Frauds — evidence.*

Parol evidence is admissible, as between the parties to a written instrument in the form of a due bill, to show that its purpose and design were different from what its language if alone considered would indicate, namely, that instead of being a due bill for money loaned it was a memorandum of money furnished to the maker to invest in real estate on joint account.

It is not essential to the validity of an agreement between parties to share in the profits or losses of a contemplated speculation in real estate that it should be in writing ; such an agreement does not involve such an interest in the property as, under the statute, requires a written contract.

Evidence of any circumstance which tends to make the proposition at issue either more or less improbable is relevant.

Motion by the defendant, Egbert Snyder, for a new trial, made upon a case containing exceptions, under section 1001 of the Code of Civil Procedure, on the entry in the office of the clerk of Otsego county of an interlocutory judgment upon a decision rendered after a trial by the court at the Otsego Special Term.

The action was brought to obtain an accounting between the parties for all matters arising out of an alleged partnership transaction in real estate, and that the defendant be adjudged to have received and held the title to the real estate in question in trust for the benefit of the plaintiff to the extent of his interest therein, in pursuance of the alleged partnership agreement.

· January 3, 1893, on the decision of the court at Special Term, an interlocutory judgment was entered herein whereby it was adjudged that an agreement was made in November, 1890, between the plain-

tiff and defendant by which they became co-partners for the purpose of purchasing and selling certain real estate, the profits and losses to be equally divided between or borne by them, and William C. Lamont was appointed a referee to take and state the partnership accounts between the parties.

The defendant here seeks to review the decision of the Special Term upon a motion for a new trial made in pursuance of section 1001 of the Code of Civil Procedure.

*W. H. Johnson,* for the plaintiff.

*J. B. Holmes,* for the defendant.

MARTIN, J.:

On the trial the plaintiff claimed and introduced evidence which tended to show that in November, 1890, the parties entered into an oral agreement by which each was to furnish an equal amount of money to be used for the purpose of acquiring title to the lands mentioned in the complaint, the profits or losses to be shared or borne equally upon the sale of the same; that the defendant was to take the necessary steps to acquire the title to such lands; that in pursuance of such agreement the plaintiff delivered to the defendant as a contribution on his part to the funds necessary to make such purchase the sum of $1,240 in checks or cash and $100 which the defendant then owed him, the whole amount, $1,340, to be deemed and treated as a contribution by the plaintiff to the co-partnership fund; that in pursuance of such agreement the defendant acquired the title to the land in question, used the money furnished by the plaintiff in paying therefor, procured the same to be conveyed to himself and has since refused to recognize the plaintiff's interest therein; that the defendant has sold and disposed of a large portion of said land without consulting the plaintiff or in any way accounting to him therefor, and mortgaged other portions, and that the value of the land greatly exceeds the cost and expenses of purchasing and caring for the same.

The defendant admitted the delivery of the money by the plaintiff, the purchase of the lands; that he took the title in his own name; that he has since insisted that the lands belong to him alone and refused to treat the lands as co-partnership property, and that he

has sold and mortgaged portions thereof; but denied that there was any agreement between himself and the plaintiff whereby the plaintiff was to have any share or interest in the lands purchased by him. His claim was that the money which he received of the plaintiff was loaned to him. The defendant's evidence tended to sustain his contention that the money was loaned by the plaintiff to him, and that there was no partnership agreement between the parties.

Upon that question there was a direct conflict in the evidence. Upon conflicting evidence the court has found in favor of the plaintiff that a partnership agreement was made by the parties, and that the money furnished by the plaintiff was not loaned to the defendant, but advanced as his portion of the partnership fund to be employed in the purchase of such lands A careful reading of the evidence contained in the appeal book discloses that the finding of the court is fully sustained by the evidence.

At the time the plaintiff delivered the money furnished by him, the defendant gave him a paper which was as follows:

"EAST WORCESTER, *December* 22, '90.

"Due I. Ostrander twelve hundred dollars.

"E. SNYDER."

The plaintiff's proof was to the effect that this paper was delivered as a mere memorandum to show, in case anything should happen to him, that he had had that sum, and was never intended as a due bill for money loaned. This evidence was objected to by the defendant as incompetent and inadmissible, and admitted under the defendant's objection and exception. He now contends that the court erred in admitting it, for the reason that it tended to vary, contradict and defeat the terms of this written instrument, and that all prior and contemporaneous agreements were merged therein. " A party, sued by his promisee, is always permitted to show a want or failure of consideration for the promise relied upon, and so he may prove by parol that the instrument itself was delivered even to the payee, to take effect only on the happening of some future event (*Seymour* v. *Cowing*, 1 Keyes, 532; *Benton* v. *Martin*, 52 N. Y. 570; *Eastman* v. *Shaw*, 65 id. 522), or that its design and object were different from what its language, if alone considered, would indicate. (*Denton* v. *Peters*, L. R. [5 Q. B.] 474; *Blossom* v.

*Griffin*, 3 Kern. 569 ; *Hutchins* v. *Hebbard*, 34 N. Y. 24 ; *Seymour* v. *Cowing*, *supra* ; *Barker* v. *Bradley*, 42 N. Y. 316 ; 1 Am. Rep. 521 ; *Grierson* v. *Mason*, 60 N. Y. 394 ; *De Lavallette* v. *Wendt*, 75 id. 579 ; 31 Am. Rep. 494.) He may also show that the instrument relied upon was executed in part performance only of an entire oral agreement (*Chapin* v. *Dobson*, 78 N. Y. 74 ; 34 Am. Rep. 512), or that the obligation of the instrument has been discharged by the execution of a parol agreement collateral thereto (*Crosman* v. *Fuller*, 17 Pick. 171), or he may set up any agreement in regard to the note which makes its enforcement inequitable." (*Juilliard* v. *Chaffee*, 92 N. Y. 529, 535 ; *Union Trust Co. of New York* v. *Whiton*, 97 id. 172, 177 ; *Schmittler* v. *Simon*, 114 id. 176, 184.)

We think the case under consideration comes within the principle upon which the exceptions to the general rule that parol evidence cannot be given to contradict, vary or modify a written contract rest, and that the doctrine of the authorities cited sustains the rulings of the trial judge in admitting this evidence.

The defendant also contends that as the agreement between the parties was not in writing and signed by them, it was void under the Statute of Frauds. The case of *Babcock* v. *Read* (99 N. Y. 609) is adverse to this contention. In that case it was held that it was not essential to the validity of an agreement between parties to share in the profits or losses of a contemplated speculation in real estate that it should be in writing, and that it did not involve such an interest in the property as, under the statute, required a written contract. (Citing *Traphagen* v. *Burt*, 67 N. Y. 30 ; *Chester* v. *Dickerson*, 54 id. 1 ; *Getty* v. *Devlin*, Id. 403 ; *Coleman* v. *Eyre*, 45 id. 39 ; *Wilson* v. *Lord Townshend*, 2 Vesey, 696 ; *Bissell* v. *Harrington*, 18 Hun, 81.) We think the defendant's contention cannot prevail.

On the trial the plaintiff called as a witness one Hallenbeck, who was permitted, under the defendant's objection, to testify that on or about the 20th of December, 1890, and near the time when the plaintiff let the defendant have $1,240, he, the witness, procured for the plaintiff, and let him have $1,200, and subsequently he was permitted to testify that at the time the plaintiff obtained this money, he told the witness that he wanted it to purchase some of the Clark property.

The defendant now contends that these rulings were erroneous, and require a reversal of the judgment herein. We are of the opinion that the judgment should not be disturbed, because the court admitted the evidence as to the plaintiff's having procured the money through Hallenbeck at that time. In the first place, there was no exception to the ruling of the court, and, secondly, the fact seems to have been practically admitted. The evidence that the money was procured from Hallenbeck having been admitted without exception, proof as to how the debt was to be secured was unimportant and harmless. Moreover, the fact that the plaintiff procured the money at that time was a circumstance which perhaps tended to make the defendant's theory more or less improbable, and rendered the plaintiff's theory more probable. "It is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable." (Whart. on Ev. § 21. See, also, *Burlew* v. *Hubbell*, 1 T. & C. 235; *Hotchkiss* v. *Germania Fire Insurance Company*, 5 Hun, 90; *Pomeroy* v. *Pierce*, Id. 119; *Nicholls* v. *Van Valkenburgh*, 15 id. 230; *Wallis* v. *Randall*, 16 id. 33; affd., 81 N. Y. 164; *Dishno* v. *Reynolds*, 17 Hun, 137; *Cornell* v. *Markham*, 19 id. 275; *Bean* v. *Carleton*, 51 id. 318; *Pontius* v. *The People*, 21 id. 328; affd., 82 N. Y. 339; *Dryer* v. *Brown*, 52 Hun, 321; *Quincey* v. *White*, 63 N. Y. 370.)

The only other question presented is as to the validity of the defendant's objection and exception to the admission of the evidence of the witness Hallenbeck, that plaintiff told him when he obtained the money that he wanted to buy some of the Clark property. Even if this evidence was inadmissible, it is not easy to see how the defendant could have been harmed by it. It was at most a statement by the plaintiff that he wanted to buy some of the Clark property. He did not say he was "going in" with Snyder nor what Clark property he wanted to buy. If it was to be understood from the question and answer that the plaintiff wanted the money he was then borrowing to purchase some of the Clark property, it would still be difficult to perceive how that evidence could have been material or injured the defendant, as his theory and proof were to the effect that the plaintiff was seeking to purchase some of the Clark property. Hence, the mere fact that the plaintiff said he obtained the money to purchase some of the Clark property was as

consistent with the defendant's theory of the case as with the plaintiff's.

Under these circumstances we think if it was error to admit this evidence it was harmless, and would not justify the granting of a new trial.

HARDIN, P. J., and MERWIN, J., concurred.

Motion for a new trial denied, with costs.