## FELBEL v. KAHN.

(Supreme Court, Appellate Division, First Department.  May 6, 1898.)

1. CONFLICTING EVIDENCE—QUESTION FOR JURY.

Even though the plaintiff and defendant in an action are respectively their own sole witnesses, and their testimony is contradictory, it does not necessarily follow, as matter of law, that the party having the burden of proof, even though uncorroborated, fails to make out his case; but such failure, if any, must be determined by the jury as a matter of fact, upon a consideration of the evidence.

2. JOINT ADVENTURE—WHAT CONSTITUTES—ENFORCEMENT.

In an action to recover under an alleged special agreement by which, in consideration of services rendered by the plaintiff in respect to the sale of certain real property which the defendant bought, the defendant agreed to pay over to him one-half the profits that might be realized on a resale, which was in fact subsequently effected, held, that the contract was not one of partnership, which required an accounting to settle the rights of the parties, but a joint adventure, which, having been executed, might be recovered on at law, even though not in writing.

3. SAME—CONSTRUCTION.

The plaintiff had not acted in the transaction as a broker for the defendant, but had simply carried out a proposition to effect a purchase at a fixed price. Held, that as he was not called on to exercise any discretion in favor of the defendant, and the defendant was not entitled to the benefit of his skill or judgment, the plaintiff's acceptance of a commission from the seller would not deprive him of his right to the agreed compensation from the defendant.

Appeal from trial term, New York county.

Action by Edward Felbel against Gorman Kahn.  From a judgment on an order denying a new trial, defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Emanuel Jacobus, for appellant.

Mark Ash, for respondent.

RUMSEY, J.  This action was brought to recover an amount claimed under a special agreement made between the parties hereto, by which, in consideration of services rendered by the plaintiff to the defendant about the sale of a certain house in New York, which the defendant intended to buy, the defendant would pay over to the plaintiff one-half the profits he might realize from a resale of the house.  The complaint alleged that the defendant bought the house for a certain sum, in pursuance of that arrangement; that he sold it at a profit; and that he refused to pay to the plaintiff his proportion thereof.  The defendant admitted certain of the facts alleged in the complaint, and interposed a denial to the others, but the answer contained no affirmative defense.  Upon the trial, the plaintiff gave evidence tending to show that the house was owned by one Rankin, who desired to sell it; that the broker of Rankin spoke to the plaintiff about the matter, saying to him that Rankin would sell the house for $10,000 and $100 commissions, and suggested that the plaintiff find a purchaser.  The plaintiff suggested to the defendant that he should buy the house, and, after some negotiation, he says that the defendant told him that if the plaintiff would let him have the house for $10,250, and the defendant made

a profit on it, he would let the plaintiff have half the profit. The plaintiff then said to the defendant that he could buy the house for $10,100, and they could buy it together; and it was thereupon agreed between the parties that the defendant should buy the house in his own name, and furnish the money, and should charge the plaintiff 4 per cent. interest on his half of it, and that whatever they made upon the sale of the house was to be divided. It was made to appear that the house was sold at a considerable profit, a half of which was the amount of the verdict subsequently recovered by the plaintiff. The defendant denied the making of any such contract. The case was sent to the jury, who found a verdict for the plaintiff. Thereupon a motion for a new trial was made, which was denied, and this appeal was brought.

It is claimed, in the first place, that the verdict was against the weight of the evidence. That contention cannot be maintained. The only witnesses sworn as to the making of the contract were the plaintiff, on the one hand, and the defendant, on the other. Their testimony was contradictory, and, that being so, there was clearly a question for the jury as to which of the two was entitled to credit. Wherever there is a conflict of testimony between two witnesses, the question must necessarily be for the jury. If neither is corroborated by the testimony of other witnesses, the question which is to be believed must be determined by those whose duty it is to pass upon the facts, consideration being given to all those things which are usually of weight in determining where the truth lies. The testimony is not necessarily balanced because one witness swears one way and one another; but ordinarily, unless there is some great discrepancy between the testimony and established facts, which necessarily shows that one or the other witness is mistaken, or is not telling the truth, the question must be determined precisely as though there were more than one witness on each side. The case of Manufacturing Co. v. Yorktown, 11 Misc. Rep. 340, 32 N. Y. Supp. 263, and the cases cited therein as establishing the proposition that where one party swears one way, and another another, the person having the burden of the proof fails, as a matter of law, to make out his case, do not present a correct statement of the law. Such a thing cannot be asserted as a matter of law. It may be that in such a case the person having the burden of proof fails to make out his case; but that is to be determined, not by the court, as a matter of law, but by the jury, as a matter of fact, upon a consideration of the evidence. The contract sworn to by the parties was not a contract of partnership, which required an accounting to settle the rights of the parties. It was a joint adventure to share in the profits of a contemplated speculation in real estate, which were easily ascertained by a simple computation. It was not required to be in writing (Babcock v. Reed, 99 N. Y. 609, 1 N. E. 141; Ostrander v. Snyder, 73 Hun, 378, 26 N. Y. Supp. 263); and, having been executed, there was no legal reason why the plaintiff should not recover at law what he was entitled to upon it if the jury was satisfied that he made out his case.

The point is made by the defendant that the plaintiff was not enti-

tled because he had agreed to accept a commission from the seller without the defendant's knowledge. It is sufficient, perhaps, upon that point, to say that this was an affirmative defense, which, not having been pleaded, was not available to the defendant. Duryee v. Lester, 75 N. Y. 442. But it is not necessary to determine that issue upon that point. The question was sought to be presented by a request to charge that if the jury find it to be true that the plaintiff was introduced to Rankin (the seller) as a broker, and believed that he acted as such, and obtained his commission, then they must find for the defendant. This request to charge was properly denied, for the reason that upon the evidence, although the jury might have found that Felbel did receive a commission from Rankin, yet they might also have found that this was known to the defendant, and he entered into the contract after that fact had been made apparent to him; and, if that were true, then there can be no doubt that the plaintiff might still recover from the defendant the profits which the defendant had agreed to pay him. Lansing v. Bliss, 86 Hun, 205, 33 N. Y. Supp. 310. Therefore, if the jury had found that fact, it still would not have been necessarily their duty to find a verdict for the defendant, and the request to charge was properly refused.

But, upon the facts made to appear, this was not a case where the plaintiff, although he had been a broker, would have lost his right to be compensated by the defendant, although he took a commission from Rankin. He did not act as a broker for the defendant in this transaction. The proposition was simply that he should make an arrangement to buy this house at a fixed price, and it made no difference whether that price was paid to the owner of the property, or was paid to somebody else, or whether a portion of it was paid to the plaintiff by the owner for procuring the sale of the house. The plaintiff was not called upon to exercise any discretion in favor of the defendant, nor was the defendant entitled to the benefit of his skill or judgment in the case. For that reason, it was not one of those cases where a party acting as a broker loses his right to compensation from one party if he accepts a commission from the other. Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867.

Judgment and order must be affirmed, with costs. All concur.