Edward Felbel, Respondent, *v.* German Kahn, Appellant.

*Joint adventure to share the profits of a real estate speculation — a defense that the active party was also to be paid by the vendor — it must be pleaded — effect of its being known to the other party to the adventure — relation of the active party to his associate.*

An agreement by which, in consideration of services rendered by one Felbel to German Kahn in the purchase of a house, the latter agrees to pay to the former one-half of the profits which he may realize from its resale, is a joint adventure to share in the profits of a real estate speculation, and is enforcible by action.

The defense that Felbel was not entitled to his compensation after a resale, because he had agreed to accept a commission from the party who sold the

house to Kahn, must, it seems, in order to be available, be pleaded; but although pleaded, it presents no defense where it appears that the jury might have found that Kahn knew, before he purchased the house, that Felbel would receive such commission.

*Semble*, that under such an employment Felbel does not occupy the position of a broker with reference to Kahn.

APPEAL by the defendant, German Kahn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of January, 1898, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order bearing date the 5th day of January, 1898, and entered in said clerk's office *nunc pro tunc* as of the 5th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Emanuel Jacobus*, for the appellant.

*Mark Ash*, for the respondent.

RUMSEY, J. :

This action was brought to recover an amount claimed under a special agreement, made between the parties hereto, by which, in consideration of services rendered by the plaintiff to the defendant about the sale of a certain house in New York which the defendant intended to buy, the defendant would pay over to to the plaintiff one-half the profits he might realize from a resale of the house. The complaint alleged that the defendant bought the house for a certain sum, in pursuance of that arrangement; that he sold it at a profit, and that he refused to pay to the plaintiff his proportion thereof. The defendant admitted certain of the facts alleged in the complaint and interposed a denial to the others, but the answer contained no affirmative defense. Upon the trial the plaintiff gave evidence tending to show that the house was owned by one Rankin who desired to sell it; that the broker of Rankin spoke to the plaintiff about the matter, saying to him that Rankin would sell the house for $10,000 and $100 commissions and suggested that the plaintiff find a purchaser. The plaintiff suggested to the defendant that he should buy the house, and after some negotiation he says that the defendant told him that if the plaintiff would let him have the house for $10,250, and the defendant made a profit on it he would let the

plaintiff have half the profit. The plaintiff then said to the defendant that he could buy the house for $10,100, and they could buy it together; and it was, thereupon agreed between the parties that the defendant should buy the house in his own name and furnish the money, and should charge the plaintiff four per cent interest on his half of it, and that whatever they made upon the sale of the house was to be divided. It was made to appear that the house was sold at a considerable profit, a half of which was the amount of the verdict subsequently recovered by the plaintiff. The defendant denied the making of any such contract. The case was sent to the jury, who found a verdict for the plaintiff. Thereupon a motion for a new trial was made, which was denied and this appeal was brought.

It is claimed, in the first place, that the verdict was against the weight of the evidence. That contention cannot be maintained. The only witnesses sworn as to the making of the contract were the plaintiff on the one hand and the defendant on the other. Their testimony was contradictory; and that being so there was clearly a question for the jury as to which of the two was entitled to credit. Wherever there is a conflict of testimony between two witnesses the question must necessarily be for the jury. If neither is corroborated by the testimony of other witnesses the question which is to be believed must be determined by those whose duty it is to pass upon the facts, consideration being given to all those things which are usually of weight in determining where the truth lies. The testimony is not necessarily balanced because one witness swears one way and one another, but ordinarily, unless there is some great discrepancy between the testimony and established facts which necessarily shows that one or the other witness is mistaken, or is not telling the truth, the question must be determined precisely as though there were more than one witness on each side. The case of *The Campbell Printing Press Co.* v. *Yorkston* (11 Misc. Rep. 340), and the cases cited therein as establishing the proposition that where one party swears one way and another another, the person having the burden of the proof fails, as a matter of law, to make out his case, is not a correct statement of the law. Such a thing cannot be asserted as a matter of law. It may be that in such a case the person having the burden of proof fails to make out his case, but that is to be determined, not by the court as a matter of

law, but by the jury as a matter of fact upon a consideration of the evidence. The contract sworn to by the parties was not a contract of partnership which required an accounting to settle the rights of the parties. It was a joint adventure to share in the profits of a contemplated speculation in real estate, which were easily ascertained by a simple computation. It was not required to be in writing (*Babcock* v. *Read*, 99 N. Y. 609; *Ostrander* v. *Snyder*, 73 Hun, 378), and having been executed, there was no legal reason why the plaintiff should not recover at law what he was entitled to upon it if the jury was satisfied that he made out his case.

The point is made by the defendant that the plaintiff was not entitled, because he had agreed to accept a commission from the seller without the defendant's knowledge. It is sufficient, perhaps, upon that point to say that this was an affirmative defense which, not having been pleaded, was not available to the defendant. (*Duryee* v. *Lester*, 75 N. Y. 442.) But it is not necessary to determine that issue upon that point. The question was sought to be presented by a request to charge that, if the jury find it to be true that the plaintiff was introduced to Rankin (the seller) as a broker, and believed that he acted as such and obtained his commission, then they must find for the defendant. This request to charge was properly denied for the reason that, upon the evidence, although the jury might have found that Felbel did receive a commission from Rankin, yet they might also have found that this was known to the defendant, and he entered into the contract after that fact had been made apparent to him, and if that were true, then there can be no doubt that the plaintiff might still recover from the defendant the profits which the defendant had agreed to pay him. (*Lansing* v. *Bliss*, 86 Hun, 205.) Therefore, if the jury had found that fact, it still would not have been necessarily their duty to find a verdict for the defendant, and the request to charge was properly refused.

But upon the facts made to appear, this was not a case where the plaintiff, although he had been a broker, would have lost his right to be compensated by the defendant, although he took a commission from Rankin. He did not act as a broker for the defendant in this transaction. The proposition was simply that he should make an arrangement to buy this house at a fixed price, and it made no dif-

ference whether that price was paid to the owner of the property or was paid to somebody else, or whether a portion of it was paid to the plaintiff by the owner for procuring the sale of the house. The plaintiff was not called upon to exercise any discretion in favor of the defendant, nor was the defendant entitled to the benefit of his skill or judgment in the case. For that reason it was not one of those cases where a party acting as a broker loses his right to compensation from one party if he accepts a commission from the other. (*Knauss* v. *Kreuger Brew. Co.*, 142 N. Y. 70.)

Judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.