COLUMBIAN LAUNDRY, Appellant, *v.* HENRY HENCKEN, Respondent.

First Department, November 3, 1922.

Partnership — action to recover money obtained by false representations — agreement to purchase personal property at stated price jointly from joint funds — agreement provided for stated division of property with exception of one article which was to be disposed of by lot — no agreement for sharing profits and losses — partnership not created — action for false representations maintainable.

A partnership was not created between the plaintiff and the defendant under an agreement whereby the defendant was to purchase certain automobile trucks and a hydraulic lift jointly for himself and the plaintiff from joint funds, and where under the agreement the trucks were divided between the parties prior to the purchase and the hydraulic lift was to be disposed of between the parties by lot, and it was agreed that in case the seller could not deliver certain electrical appliances going with the trucks, then the money represented by such appliances was to be divided *pro rata* between the parties.

Since there was no agreement for the sharing of profits and losses a partnership or a *quasi* partnership did not arise.

*It seems,* that if the plaintiff had jointly purchased the articles in question with defendant and had not agreed as to what they would do with them, even then a partnership would not have been created.

Accordingly, an action was maintainable by the plaintiff to recover money alleged to have been obtained from it by the defendant upon false representations as to the cost of the articles purchased.

APPEAL by the plaintiff, Columbian Laundry, from an order of the Supreme Court, made at the New York Trial Term and

entered in the office of the clerk of the county of New York on the 22d day of December, 1920, granting defendant's motion to dismiss the complaint upon the complaint and the opening of the plaintiff's case to the jury, and also from the judgment entered in said clerk's office on the 31st day of December, 1920, dismissing the complaint pursuant to said order.

*Wakelee, Thornall & Wright [Clarence E. Thornall* of counsel], for the appellant.

*Henry Herz,* for the respondent.

GREENBAUM, J.:

The action was brought to recover from defendant money alleged to have been obtained by him from plaintiff upon false representations.

After plaintiff's counsel had opened the case before the jury, defendant's counsel moved upon the pleadings and the opening to dismiss the complaint. The motion was thereafter granted.

The facts upon which the plaintiff relied in support of its cause of action as gleaned from the allegations of the complaint and opening of counsel will be briefly stated. It appears from the opening that a concern named Greenhut & Co. was winding up its business and had for sale certain large trucks and also small trucks or delivery wagons and certain electrical appliances to be used in connection with the trucks. The plaintiff was desirous of purchasing only the small trucks and the electrical appliances, but had no interest in the large trucks. Upon inquiry at Greenhut's by one Herring, plaintiff's president, he was told that the large and small trucks together with the electrical appliances would be sold only in one lot and he was advised by Mr. Greenhut to get in touch with the defendant, who was interested only in purchasing the large trucks. Subsequently Mr. Herring and defendant met and agreed that a joint bid be made for the entire lot.

The complaint alleges: " 2. That on or about March 29, 1918, the plaintiff and defendant entered into an agreement to purchase jointly certain motor trucks, batteries, parts and materials and appurtenances and other property which Greenhut and Company was desirous of selling.

" 3. That the plaintiff and the defendant agreed that the defendant should purchase said trucks and other property with the joint funds of the plaintiff and the defendant.

" 4. That the defendant represented to the plaintiff that he, said defendant could purchase said trucks and other property for the sum of Ten thousand dollars and plaintiff thereupon agreed to advance toward such purchase price the sum of Six thousand

dollars for which he was to receive six one-half ton trucks and six one-ton trucks, including full stock of extra parts therefor, and also two charging boards with appurtenances. That the defendant should receive the remainder of said trucks and property, excepting a certain hydraulic lift, in return for the moneys advanced by said defendant toward such purchase price; that the hydraulic lift was to be disposed of between the parties by lot.

" 5. That on or about April 11th, 1918, the defendant represented to the plaintiff that he could not purchase the said trucks and other property for Ten thousand dollars but would be obliged to pay Twelve thousand dollars therefor, with the understanding that if Greenhut and Company were unable to make delivery of the charging boards and appurtenances, they would return One thousand dollars of the purchase price.

" 6. That relying upon such representations, the plaintiff thereupon agreed to advance the sum of Seven thousand dollars towards said purchase price, with the understanding that if Greenhut and Company were unable to deliver the charging boards and appurtenances, the One thousand dollars to be rebated by said Greenhut and Company for such failure was to be divided *pro rata* between the plaintiff and the defendant.

" 7. That in pursuance of said agreement, the plaintiff did on April 12th, 1918, advance to the said defendant for the purpose aforesaid, the sum of Seven thousand dollars.

" 8. That thereafter the said defendant did purchase from said Greenhut and Company the said trucks and other property excepting the charging boards and appurtenances thereto, and did cause to be delivered to the plaintiff six one-half ton trucks and six one-ton trucks with the extra parts, as agreed, as aforesaid.

" 9. That plaintiff is informed and believes to be true that the defendant did not pay the sum of Twelve thousand dollars to said Greenhut and Company for the said trucks and other property including said charging boards and appurtenances thereto, but in fact the said defendant only paid the said Greenhut and Company the sum of Ten thousand five hundred dollars for said property including the said charging boards and appurtenances thereto.

" 10. That defendant falsely represented to the plaintiff that the purchase price of said property was Twelve thousand dollars when the purchase price in fact was only Ten thousand five hundred dollars.

" 11. That the said Greenhut and Company were unable to make delivery of said charging boards and appurtenances thereto, and that in accordance with the agreement between the defendant and the said Greenhut and Company, the said Greenhut and Com-

pany did return to the said defendant the sum of One thousand dollars."

The learned trial court apparently dismissed the complaint on the theory that the agreement alleged constituted a partnership and that the law did not permit one partner to sue another partner in a common-law action.

The alleged agreement between the parties did not constitute either a partnership or a quasi partnership and the complaint states a good cause of action. The action may be treated either as one for damages for obtaining moneys upon false representations or for money had and received.

The adventure described in the complaint lacked an essential feature of a partnership in that there was to be no sharing of profits.

The Partnership Law in force in 1918 (Consol. Laws, chap. 39 [Laws of 1909, chap. 44], § 2) describes a partnership as follows: "A partnership, as between the members thereof, is the association, not incorporated, of two or more persons who have agreed to combine their labor, property and skill, or some of them, for the purpose of engaging in any lawful trade or business, and sharing the profits and losses, as such, between them." The Partnership Law was revised in 1919 (Consol. Laws, chap. 39 [Laws of 1919, chap. 408], § 10 *et seq.*) and subdivision 1 of section 10 reads as follows: " 1. A partnership is an association of two or more persons to carry on as co-owners a business for profit."

According to the complaint, the property purchased was to be owned in severalty not jointly. There was to be no sharing of profits or losses. If the trucks received by defendant were thereafter sold by him for a greater price than the sum he contributed therefor, the plaintiff had no interest in such profits and would have no cause of action against defendant. If plaintiff sold his share of the property purchased at a loss, he could not call on defendant to contribute to such loss. Thus the underlying elements of a partnership or joint adventure are lacking.

In *Reynolds* v. *Searle* (186 App. Div. 202) the court said (at p. 203): "An indispensable essential of a contract of copartnership, either under the common-law rule or the statute, is a mutual promise or undertaking of the parties to share in the profits of the business and submit to the burden of making good the losses."

At common law it has always been held that to constitute a partnership or joint adventure there must be an agreement to share in the profits and losses.

It was held in *Chase* v. *Barrett* (4 Paige, 148) that " to constitute a partnership as between the parties thereto, there must be a joint

ownership of the partnership funds, and an agreement, either express or implied, to participate in the profits or loss of the business."

The complaint in this action distinctly negatived the idea of a joint interest in the profits or losses as each of the parties was to own the specifically described articles which each needed and for which a specified sum was to be paid. The hydraulic lift which neither party appeared to want was not to be sold and the proceeds to be divided but was " to be disposed of between the parties by lot."

Bronson, J., writing the opinion in the case of *Porter* v. *McClure* (15 Wend. 187), said: "A community of interest in land does not make men partners, nor does a mere community of interest in personal property. There must be some joint adventure, and an agreement to share in the profit and loss of the undertaking."

Even if the plaintiff had jointly purchased the articles in question with defendant, and had not agreed as to what they would do with them, that would not have constituted a partnership between the parties. It was so held by the Court of Appeals in the case of *Baldwin* v. *Burrows* (47 N. Y. 199) where the court says (at p. 206): " The arrangement under which the cotton was purchased by Blanchard, as described by the concurrent testimony of all the witnesses who spoke upon the subject, established only an ownership in common of the cotton. They all state that there was no agreement as to the sale or disposition of the property, but that that subject was left for future consideration. To constitute a partnership there must be a reciprocal agreement of the parties not only to unite their stock, but to share in the risks of profit or loss by the disposition to be made of it. Where several parties agree to purchase personal property in the name of one of them, and to take aliquot shares of the purchase without agreeing to resell jointly, there is no partnership. (*Hoare* v. *Dawes*, 1 Doug. 371; *Coope* v. *Eyre*, 1 H. Bl. 37; *Holmes* v. *United Ins. Co.*, 2 Johns. Cases, 331; *Post* v. *Kimberly*, 9 Johns. 491.) "

The agreement was plain. The articles purchased for plaintiff had been delivered to the latter, and indeed if they had not been delivered, plaintiff would not have been obliged to sue for an accounting, but could have brought an action at law in replevin for the recovery of the articles that belonged to him, or for damages.

In *Felbel* v. *Kahn* (29 App. Div. 270) the court stated: " The contract sworn to by the parties was not a contract of partnership which required an accounting to settle the rights of the parties. It was a joint adventure to share in the profits of a contemplated speculation in real estate, which were easily ascertained by a simple computation. It was not required to be in writing (*Babcock* v.

*Read,* 99 N. Y. 609; *Ostrander* v. *Snyder,* 73 Hun, 378), and having been executed, there was no legal reason why the plaintiff should not recover at law what he was entitled to upon it if the jury was satisfied that he made out his case."

In the case at bar the trucks had been distributed between the parties as agreed and was a closed transaction, except for the fraud of defendant in misrepresenting the cost of all the trucks and in failing to apportion the $1,000 returned to him by the vendors.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.