HARRY A. BIGELOW, as Trustee in Bankruptcy of INSULL SON & Co., INC., Appellant, *v.* JOHN M. McMILLIN, Respondent.

First Department, June 11, 1937.

*John E. F. Wood* of counsel [*Root, Clark, Buckner & Ballantine,* attorneys], for the appellant.

*Everett W. Young* of counsel [*Edwin W. Willcox,* attorney], for the respondent.

TOWNLEY, J. The complaint states four alternative causes of action for the recovery of $7,629.91, arising out of a joint venture described in the complaint and bill of particulars. Under an agreement dated August 15, 1930, the plaintiff's bankrupt was employed to act as manager of a syndicate formed to purchase a single block of stock of Insull Utility Investments, Inc. The activities of the manager comprised the purchase of this block of stock in 1930 and the sale of it in 1932. There were no dealings in the interval. Defendant is one of more than two hundred persons who participated in the syndicate. The total subscriptions aggregated $30,000,000. The defendant's subscription was for $50,000. The subscribers agreed to pay to the syndicate manager the amount set opposite their respective names. Five per cent of the subscription was paid by the defendant. The subscribers agreed to pay the balance " when and as called for by the Syndicate Manager." The agreement provided that the subscribers should " bear any loss resulting to the Syndicate," and that, if necessary, they would be called upon to make good on their subscriptions " ratably according to the several amounts thereof." The agreement also provided that nothing " shall constitute the parties hereto partners or shall render any one of the subscribers liable to contribute more than the amount of his several subscrip-

tion." Furthermore, it was provided that "each subscriber shall be responsible regardless of performance or nonperformance by any other subscriber." The syndicate manager was authorized to become a subscriber and became such in addition to its managing duties. The compensation of the syndicate manager was a fixed percentage of the cost of the stock purchased. The syndicate manager was agent and attorney in fact for the subscribers and was authorized to make advances. A portion of the money necessary to buy the stock was so advanced. After the stock was sold on February 25, 1932, the manager applied the net proceeds in part payment of the advances made by it for the account of the syndicate. The operation of the syndicate had resulted in a loss of $4,577,945. The manager notified the defendant that his share of the same was $7,629.91, and demanded payment.

The first cause of action is a count in general assumpsit for money paid at the special instance and request of the defendant and for the defendant's use and benefit. The second cause of action is to recover on an account stated arising out of the acquiescence of the defendant in the statement rendered by the bankrupt. The third cause of action claims payment for defendant's ratable share of the advances made by the bankrupt as syndicate manager under the terms of the express contract. The fourth cause of action is on the defendant's express promise to pay his subscription as called for by the manager.

Special Term dismissed the first, third and fourth causes of action on the ground that the syndicate was a joint venture and that an action at law might not be maintained between the members of a joint venture in the absence of an account stated. The second cause of action was dismissed on the ground that " where a fiduciary relationship exists, as here, the general rule regarding the statement of an account between the debtor and creditor is not applicable."

The first, third and fourth causes of action arise under the contract between the parties, and are brought by the plaintiff as agent for the defendant for moneys advanced for his benefit, and the debt arises out of a venture where no joint debts or mutual obligations are involved. It has been held in many cases in this State that where there can be no debts or mutual accounts to be adjusted and where there is nothing to be done except to divide the profits or contribute to the losses of a joint venture, there is no reason why an action at law should not be maintained to recover a proportionate share of the loss sustained or profits made. (*Burleigh* v. *Bevin*, 22 Misc. 38; *Wills* v. *Simmonds*, 8 Hun, 189; *Joring* v. *Harriss*, 292 Fed. 974; *Felbel* v. *Kahn*, 29 App. Div. 270; *Teall* v. *Roeser*, 206 id. 371; *Crater* v. *Bininger*, 45 N. Y. 545; *Bank of B. N. A.* v. *Delafield*, 126 id. 410.)

The question was well stated by HOUGH, C. J., in *Joring* v. *Harriss* (*supra*), as follows: " As to the first point it is asserted, and may be conceded, that the written agreements show a ' joint adventure.' This comparatively modern phrase means no more than a commercial enterprise by several persons jointly. Its vogue arises from a desire to find words descriptive of a joint enterprise yet not amounting to a partnership. A distinctive characteristic of the joint adventurer is his right of suing at law for his share; he is not obliged to resort to an accounting as is a partner. The distinction is pointed out in *Felbel* v. *Kahn*, 29 App. Div. 270, 51 N. Y. Supp. 435, where a transaction fundamentally similar to the one at bar is described as a ' joint adventure to share in the profits of a contemplated speculation in real estate, which were easily ascertained by a simple computation.' Consequently plaintiff's demand for ' his share ' was entertained at law. These plaintiffs have pursued the same course."

The third and fourth causes of action are also based on the express terms of the agreement, and it is impossible to say that the parties intended the maintenance of an action in equity whenever it was necessary for the syndicate manager to ask for all or part of the subscriptions.

The second cause of action sufficiently alleges an account stated. The bill of particulars which was furnished by the plaintiff gives a letter showing the type of statement of account that was furnished at the time the demand was made, and defendant apparently acquiesced without objection in the statement. At any rate, if there was any reason for questioning it, it is a matter for the trial and not to be determined on motion.

The obligation arising upon an account stated has been extended to include statements made by fiduciaries to their *cestuis*. (*Rodkinson* v. *Haecker*, 248 N. Y. 480.) Naturally, there are many cases in which the bare contention that a voluntary accounting, whether agreed to or not, renders a judicial accounting unnecessary will not be entertained by the courts. The present complaint, however, with its full account of the nature of the joint venture, is such as to present a different situation.

Here the plaintiff was agent of the defendant in advancing the money and in rendering the account. In such a situation a law action lies as of course. (*Dows* v. *Durfee*, 10 Barb. 213.) If, however, the dual position of plaintiff, as partner and agent, is urged as a reason for denying a suit on the account stated, such is insufficient. An action lies between partners or joint venturers on an account, and it need not be a final balance. As stated by Parsons in the Law of Partnership (p. 281):

" The act of settling the account and striking the balance is itself the plainest acknowledgment of an indebtedness which is wholly liberated from all complication with the accounts of the partnership; it grows out of them, but only out of their termination and settlement. * * *

" Then, as to the question whether the balance must be a final one, we cannot but think that it is quite enough if it be a balance, or a debt, distinctly separated from the partnership accounts, either by their entire settlement, or by a settlement which may be partial as to the affairs of the partnership, but complete as to this debt. If not absolutely final, perhaps a presumption will always exist that it remains connected with partnership affairs. But as it is perfectly well settled that a partner may sue his copartner on a cause of action which never pertained to the partnership, it seems quite as certain that he should have his action for a cause which he can show to have been cut out from the partnership by himself and his partners jointly, and to be as completely separated from it as if there had never been any connection between them.

" It is, undoubtedly, necessary that all the partners should be bound by the settlement, or by the agreement by which this matter was separated from the partnership. In few words, we think it not necessary that the balance should be general as well as final; but it is sufficient if it be so far final that the decision of the question will be final upon all parties, and that nothing which can happen to the partnership will make it necessary, or just, to review this decision."

The direct application of the above principle to the facts of this case is obvious. The amount is final and has by agreement been cut off from other claims against other venturers.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Martin, P. J., O'Malley, Glennon and Untermyer, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.