BERNARD McCABE, Plaintiff, v. QUEENSBORO FARM PRODUCTS, INC., et al., Defendants. SAM GELFAND, Individually and Doing Business under the Name of EAGLE ROOFING & SHEET METAL WORKS, Third-Party Plaintiff-Appellant, v. BANNER ROOFING CO., INC., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, in which defendant Gelfand, as third-party plaintiff, served a third-party complaint against the corporation, Banner Roofing Co., Inc., as third-party defendant, the third-party plaintiff appeals from an order of the Supreme Court, Kings County, dated January 24, 1961, granting said corporation's motion to dismiss the third-party complaint. Order modified by adding thereto a provision that, within 30 days after entry of the order hereon, said third-party plaintiff, if so advised, may serve an amended third-party complaint. As so modified, order affirmed, without costs. In the present third-party complaint, appellant sought to implead the respondent corporation on the theory that he and the corporation were joint venturers in the performance of the acts alleged to have caused the injuries complained of in the main action; and that by the terms of their joint venture agreement they had agreed to share equally the profits and to bear equally the losses that might result from the doing of the work involved in the joint venture. It was alleged that if there should be a recovery against appellant in the main action such recovery would constitute a loss of the joint venture, and that in accordance with their agreement the respondent corporation would be liable to appellant for half of the loss so sustained. Relief against the respondent corporation was demanded by way of an accounting and the award of judgment against it in such amount as, on the accounting, might be found due as its share of such loss. In our opinion, the third-party complaint does not state facts sufficient to constitute a cause of action for the relief sought, even if it be assumed that appellant's claim against the respondent is related to the main action by a question of law or fact common to both controversies. It does not appear whether or not the joint venture is still in the stage where debts and mutual accounts are to be adjusted, or whether profits have been distributed, or whether conditions are such that nothing remains to be done but to divide the profits or contribute to the losses. If the joint venture has not been performed, it does not appear from the facts pleaded that appellant will be entitled to an accounting merely because there may be a recovery against him in the main action. If on the other hand the joint venture has been performed and all that remains to be done is to compute and contribute to the loss which may accrue as the result of the main action, appellant will have an adequate remedy at law (cf. *Felbel* v. *Kahn,* 29 App. Div. 270, 273; *Teall* v. *Roeser,* 206 App. Div. 371; *Bigelow* v. *McMillin,* 251 App. Div. 456, 458–459; *Cole* v. *Forman,* 274 App. Div. 818). Since it may be that a cause of action can be pleaded, appellant should be permitted to plead over, if so advised. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.