THE EQUITY GAS-LIGHT COMPANY of the Eastern District of the City of Brooklyn, Respondent, *v.* FERDINAND McKEIGE, Appellant.

The fact that a party may possibly be subjected to a double recovery in the same matter in suits by adverse claimants is not a reason for denying relief to a claimant who comes into court alleging and proving his right to the thing demanded.

*It seems,* the defendant may ordinarily protect himself by a suit in the nature of a bill of interpleader.

(Submitted June 29, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday in May, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to surrender a certificate of stock issued by plaintiff.

It appeared that on August 27, 1889, plaintiff, having entered into a construction contract with George F. Work, Louis E. Pfeiffer and John J. MacFarlane, issued to its president the certificate in suit, which it was agreed should be deposited with defendant, plaintiff's treasurer, until said construction contract was fulfilled. The work was never commenced by the contractors. Two of them were convicted of

a crime in Pennsylvania, and were imprisoned.   MacFarlane, the other, became a fugitive.   The receipt given by defendant to the contractors stated that he knew of said agreement.   In October, 1890, Work, who had been the principal actor for the contractors, gave an order for defendant to deliver up said certificate to plaintiff's president.   On November twenty-first an authority to cancel said certificate was executed by said contractors, Work signing MacFarlane's name, he having early in 1890 given plaintiff's president a paper purporting to have been signed by MacFarlane, stating that any agreement made between plaintiff and Work and Pfeiffer would be satisfactory to him.   On November twenty-seventh said contractors executed to plaintiff a general release, Work signing MacFarlane's name thereto.   Defendant refused to surrender the certificate and set up as a defense that a judgment against him would not conclude the contractors in any suit they might bring against him as bailee.

*Gratz Nathan* for appellant.   The defendant, as bailee of the certificate of stock in question, would, in case of a claim to the stock being made in behalf of MacFarlane, have the burden of justifying his act in surrendering the certificate to the plaintiff.   (*Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263; *Patterson* v. *S. N. Bank*, 80 id. 98, 99; *Caldwell* v. *N. M. V. Bank*, 64 Barb. 246; *Collins* v. *Bennett*, 46 N. Y. 492; *Cutting* v. *Marlow*, 78 id. 454; *Jones* v. *Morgan*, 90 id. 4; *Roberts* v. *S. S. D. Co.*, 123 id. 57.)   The judgment in this case would not afford any protection to the defendant as against MacFarlane, if the latter should seek to hold him liable for a breach of contract of deposit.   (*Schrauth* v. *D. D. S. Bank*, 86 N. Y. 391.)

*Horace Graves* for respondent.   The judgment would be authorized on the ground that the stock was invalid till certificate (31) was canceled, and certificate (56) might get into the hands of *bona fide* purchasers.   (Morawetz on Corp. §§ 286, 287; Cook on Corp. §§ 291–293, 358–361.)

Andrews, Ch. J.   The contract upon which the certificate of stock was placed in the hands of the defendant, as bailee, was never performed by Work, Pfeiffer and Macfarlane, and upon the facts found the plaintiff was entitled to a return of the certificate.   The only defense which the defendant urges in answer to the claim of the plaintiff for the surrender of the certificate is that a judgment against him in this action will not conclude Work, Pfeiffer and Macfarlane in any suit they may hereafter bring against him as bailee.   The fact that a party may possibly be subjected to a double recovery in the same matter in suits by adverse claimants is not a reason for denying relief to a party who comes into court alleging and proving his right to the thing demanded.   The defendant may ordinarily protect himself by bringing a suit in the nature of a bill of interpleader, making the different claimants parties.   (*Ball* v. *Liney*, 48 N. Y. 6.)   Upon the evidence and findings the plaintiff established its right to a return of the certificate.   The consent of Work and Pfeiffer that it should be returned was made known to the defendant before the action was commenced.   Macfarlane had also consented, provided Work was authorized to sign his name to the order drawn on the defendant.   This question was litigated on the trial and found in favor of the authority upon sufficient evidence.   There seems to be no merit in the effort of the defendant to prevent the company from regaining possession of the certificate.

The judgment should be affirmed.

All concur.

Judgment affirmed.