(22 Misc. Rep. 38.)

BURLEIGH v. BEVIN et al.

(Supreme Court, Special Term, Washington County. December 13, 1897.)

1. PARTNERSHIP—WHAT CONSTITUTES.
 An agreement between parties to share the profits and losses of a single speculation is not such a partnership as to preclude an action at law to recover a proportion of losses sustained, before a final settlement of accounts between the parties.

2. NECESSARY PARTIES.
 Where three parties agree to share the losses of a speculation, in an action by one of the parties against another to recover a proportionate share of losses, the third party is not a necessary party to the action.

Action by Henry C. Burleigh against Leander A. Bevin and others. Defendants demur to the complaint. Overruled.

Frank E. Smith, for plaintiff.
William V. Simpson, for defendants.

McLAUGHLIN, J. The plaintiff brings this action to recover of the defendants one-third of the loss alleged to have been sustained by him in a stock speculation in which he, Albert C. Cheney (defendants' testator), and Warner Miller were equally interested. The defendants have demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant. The complaint charges that Cheney, Miller, and the plaintiff entered into an agreement to buy, for the purpose of reselling at a profit, certain stock of the Chicago, Milwaukee & St. Paul Railroad Company, and that the profits, if any were realized, were to be equally divided between them, and that the losses, if any, were to be borne in the same manner; that in pursuance of the agreement purchases were made with money furnished or provided by the plaintiff, and the stock thereafter sold, and a loss sustained in the sum of $9,973.72, which was paid by plaintiff; that no part of this sum was paid by defendants' testator, and by reason thereof the plaintiff is entitled to recover against the defendants one-third of such loss, viz. $3,324.57. By demurring, the defendants admit not only every material fact stated in the complaint, but also every fact that can reasonably and fairly be implied therefrom. They admit the agreement; the purchase and sale of the stock; that all of the money was provided by plaintiff; that a loss was sustained in the amount named; that this loss has all been paid by plaintiff; and that under the agreement one-third was to be paid by their testator. They also admit that this constitutes the whole transaction, and that it is closed. Admitting all these facts, does the complaint state a cause of action? The correct answer to be given to this inquiry depends upon the answer to be given to the further inquiry, and that is whether one party to a transaction similar to the one set out in the complaint can maintain an action at law to recover a proportionate share of the loss sustained before there has been a final settlement of the accounts between all the parties to it? It is undoubtedly the general rule that one partner cannot maintain an action against his co-partner

for any matters growing out of the partnership affairs until there has been a final settlement of the accounts between them. The reason of the rule is obvious. Until all the affairs of the partnership have been adjusted, there can be no adjudication of the complete rights of the parties as to any single transaction connected with it. In other words, until an account is taken the court is not in a position to do full justice between the parties. But did the transaction in question, under the agreement referred to, constitute the parties to it partners in such a sense as to bring them within the reason of the rule above referred to? I think not. There was no general "partnership," in the sense in which that word is usually understood. The agreement was simply to share the profits and bear the losses of a single transaction. There were not and could not be any joint debts or mutual accounts to be adjusted. After the sale of the stock nothing remained to be done except to divide the profits or contribute to the losses, and no good reason can be assigned why an action at law, under such circumstances, should not be maintained to recover a proportionate share of the losses sustained or profits made. Musier v. Trumphour, 5 Wend. 274; Fry v. Potter, 12 R. I. 542; Wann v. Kelly, 5 Fed. 584; Wheeler v. Wheeler, 111 Mass. 247; Canfield v. Johnson, 144 Pa. St. 61, 22 Atl. 974. Thus, in Fry v. Potter, supra, where an action was brought to recover one-third of a loss sustained in a land speculation, in which three parties were equally interested, the court, in affirming the direction of a verdict, said:

"We think the instruction was right. There was no general partnership, but only an agreement to share the gains and losses of a particular adventure, the entire capital for which was furnished by the plaintiff's testator. There were no joint debts or liabilities, and no mutual claims existing to be adjusted. The transaction was closed and the losses ascertained. Nothing remained for the defendant to do but to pay his share of them. The case is not intrinsically distinguishable from an ordinary case in assumpsit, and, even without precedent, we should have little difficulty in maintaining the action. There are, however, respectable precedents for it."

And to the same effect is Wann v. Kelly, supra, where the plaintiff, defendant, and a third party entered into an agreement to sell 300 shares of stock of the Northern Pacific Railroad Company short, and the defendant managed the speculation, and sold, and the transaction resulted in a net profit of $2,000. The plaintiff sued for his one-third, and the question was there raised, as here, that the action could not be maintained until after an account had been taken, but the court said:

"It is also urged by the defendant that the plaintiff, if entitled to a share of the profits, can only enforce his claim in equity. I think an action at law gives adequate relief. The parties were engaged in a single venture, and the defendant, having appropriated the proceeds to his own use, made himself debtor to the plaintiff."

It seems to me, therefore, upon principle and authority, that the action is well brought, and that the complaint states a cause of action. If the complaint does state a cause of action, then Miller is not a necessary party.

But it is suggested that Miller may make a similar claim against defendants, and therefore he ought to be made a party to the ac-

tion.    There are two answers to this suggestion:    (1) If the facts stated in the complaint are true, he cannot make a valid claim;  (2) if he does make such claim, then the defendants' remedy is by interpleader.    Gaslight Co. v. McKeige, 139 N. Y. 237, 34 N. E. 898.

The demurrer is therefore overruled, with leave to answer on payment of costs.