KLAW v. NEW YORK PRESS CO., Limited.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. DEPOSITIONS (§ 12*)—GROUNDS FOR TAKING—NONRESIDENCE OF WITNESS.
 That a nonresident witness, who is not personally interested in an action, is under a contract requiring her to be in this country after a future date, and that she states she will be in this state after that date, is not sufficient ground for vacating an order for her examination before trial; it not being certain that she will be here at the time of trial.

 [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 27; Dec. Dig. § 12.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. DEPOSITIONS (§ 8*)—RIGHT TO TAKE.**

That a witness can be located and his testimony taken by commission at some future time is not a sufficient reason for refusing an examination before trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 8, 10; Dec. Dig. § 8.*]

**3. DEPOSITIONS (§ 8*)—RIGHT TO TAKE.**

Where one of the subjects as to which it is desired to examine a witness before trial is the character and reputation of plaintiff at the time of the publication of an alleged libel, and she does not deny information thereof, her denial of information concerning the affairs of the firm of which plaintiff is a member is not a sufficient reason for denying the examination.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 8, 10; Dec. Dig. § 8.*]

**4. DEPOSITIONS (§ 8*)—RIGHT TO TAKE.**

The denial of a witness of any knowledge as to the subject-matter of an examination before trial is not ground for refusing the examination.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 8, 10; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Marc Klaw against the New York Press Company, Limited. From an order vacating an order for the examination of a witness before trial, defendant appeals. Reversed, and motion to vacate denied.

See, also, 144 App. Div. 501, 129 N. Y. Supp 224.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Philip Carpenter, of New York City, for appellant.
David Gerber, of New York City, for respondent.

DOWLING, J. This is an appeal from an order granting a motion to vacate an order for the examination of Fanny Ward Lewis as a witness herein on behalf of the defendant. The action is brought to recover damages for the publication of a libel. The answer sets up, among other things, certain partial defenses in mitigation of damages.

[1, 2] The original moving affidavits sufficiently showed that the testimony of the witness was material and necessary for the defendant as to two of these defenses. Mrs. Lewis is a resident of London, England, and an actress who spends much of her time in this country, being abroad during the summer months. She is under contract to appear in this country after October 1, 1912, and states her intention to be in the state of New York at that time. The mere possibility that a witness may return within the jurisdiction at a future date is not a sufficient ground for vacating an order for examination, nor is there any certainty that she will be here at the time of the trial of the action. She may well change her plans and conclude either to remain in England or to come here too late for the trial of an action in which she has no personal interest. An expressed intention upon the part of a nonresident to return to the state for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the trial is not a sufficient reason for refusing an examination. Commercial Publishing Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600; Tanenbaum v. Lippmann, 89 App. Div. 17, 85 N. Y. Supp. 122. Nor is the fact that a witness can'be located and his testimony taken at some future time by commission. Stapleton v. La Shelle, 124 App. Div. 661, 109 N. Y. Supp. 446.

[3, 4] The statement of the witness that she "cannot give any testimony of any kind with reference to the affairs of Jefferson, Klaw & Erlanger, as I know nothing about that firm," is no reason for denying the desired information. Among other subjects, she is sought to be examined as to the character and reputation of plaintiff at the time of the publication of the alleged libel, that being one of the issues tendered in mitigation of damages, and she does not deny that she has knowledge thereof. Her denial of the receipt of any letters from plaintiff is so qualified as to render it the expression of her conclusion as to their legal effect, rather than the clear statement of a fact. In any event, mere denial of knowledge as to the subject-matter of the examination is not sufficient. Turck v. Chisholm, 53 Misc. Rep. 110, 103 N. Y. Supp. 1095; Davis v. Stanford, 37 Hun, 531; In re Nolan, 70 Hun, 536, 24 N. Y. Supp. 238.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to vacate and set aside the order for examination and the subpœna duces tecum heretofore served herein is denied, with $10 costs. All concur.