ALBERT HEYE, Appellant, *v.* AMERICAN CHEMICAL EDUCTION COMPANY and Others, Respondents.

First Department, November 22, 1918.

**Depositions — when plaintiff entitled to examination of defendants before trial in order to frame complaint.**

An application made in good faith for the examination of defendants before trial, for the purpose of enabling the plaintiff to frame his complaint should be allowed, where it appears that there is a fiduciary relation existing between the plaintiff and one of the defendants; that the plaintiff with the information at hand is unable to determine as to what kind of an action to bring, and that an election may jeopardize his rights.

APPEAL by the plaintiff, Albert Heye, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of September, 1918, vacating an order for the examination of the defendants Schreiter and Geddes for the purpose of enabling the plaintiff to frame his complaint.

*Edward J. Shumway,* for the appellant.

*Robert P. Schur,* for the respondents.

SHEARN, J.:

In brief, the affidavit shows that the plaintiff and one Stillman had certain assignments of patents from the American Chemical Eduction Company, which were to be used, in part, to secure them for advances to it of $25,000 on the part of the plaintiff and $500 on the part of Stillman, and, in part, to protect the stockholders of the American Chemical Eduction Company, through the formation of another company, to which the patents should be transferred; that the defendant Schreiter, an attorney, represented the plaintiff and the American Chemical Eduction Company and that, in reliance upon his advice, plaintiff and Stillman consented to that company's giving Schreiter a power of attorney to dispose of these patents on such terms as in his judgment were deemed proper; that Schreiter disposed of them to the defendant Geddes, upon terms which Schreiter has represented to be the payment by Geddes in installments of $60,000, and that Geddes has turned them over to another corporation which has issued a large amount of its stock to Schreiter; that plaintiff does not know whether the price of $60,000 was the real price or know the true terms of the arrangement with Geddes or by what arrangements Schreiter acquired for himself large blocks of stock in the purchasing company, and does not know how much money has been paid by Geddes to Schreiter; that this information is withheld from him by Schreiter in spite of the fiduciary relationship existing.

While it is clear from these facts that there is enough shown to enable the plaintiff to frame some kind of a complaint, it is also clear that plaintiff is in no position to determine, with the information at hand, whether to stand upon the fraud alleged

to have been perpetrated and sue for damages, or whether to sue for money had and received, or whether to bring an action to rescind, or whether to proceed on the theory of an accounting. The consequences of electing and determining upon a correct theory of proceeding are obviously serious to the plaintiff, and his right should not be jeopardized through any inconvenience that may be visited upon the defendants in submitting to an examination. Postponing the examination until after issue is joined would impose upon plaintiff the embarrassment of having to determine his election in the dark. The application appears to have been made in good faith and is one which, in furtherance of justice, should be granted, especially in view of the fiduciary relationship shown.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The date for the examination to proceed to be fixed in the order. Order to be settled on notice.