In the Matter of the Application of THE NATIONAL CITY BANK OF NEW YORK, Appellant, to Perpetuate the Testimony of ROBIE R. STEVENS (SAN GALLI GRACE & Co.).

### W. R. GRACE & Co., Respondent.

First Department, May 18, 1923.

**Depositions — perpetuation of testimony of witness in prospective action — notice of application not required to be given to prospective defendant — Civil Practice Act, § 295, and Rules of Civil Practice, rule 123, construed.**

Under section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, a prospective defendant is not entitled to notice of an application by the prospective plaintiff for an order to perpetuate the testimony of a prospective witness for a future action.

CLARKE, P. J., and McAVOY, J., dissent.

APPEAL by the petitioner, The National City Bank of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of April, 1923, granting the motion of W. R. Grace & Co. to vacate an order of the Supreme Court, made at the New York Special Term on the 31st day of March, 1923, directing the perpetuation of the testimony of Robie R. Stevens as a witness for the appellant in a prospective action against San Galli Grace & Co., and to vacate a notice to take such testimony.

*Shearman & Sterling* [*John A. Garver* of counsel], for the appellant.

*Harold J. Roig* [*J. M. Hartfield* of counsel], for the respondent.

FINCH, J.:

The National City Bank of New York had a branch bank in Petrograd, Russia, of which Robie R. Stevens was manager. Said bank made a demand loan of about 6,000,000 rubles to San Galli Grace & Co., of Petrograd, Russia, which was secured by a deposit of $444,925 given to the National City Bank of New York through W. R. Grace & Co. of New York. Subsequently, at the request of W. R. Grace & Co. and Mr. San Galli, the said collateral was paid over to W. R. Grace & Co. by the National City Bank upon

33

the guaranty of the loan by W. R. Grace & Co. The National City Bank desires to establish, by the testimony of Robie R. Stevens, a demand upon San Galli Grace & Co. in Petrograd for the repayment of the loan, at a time when the value of the ruble was between thirteen and fifteen cents a ruble. Rubles subsequently have depreciated in current value as measured by American money to about three cents per 100 rubles, in which depreciated currency payment of the loan apparently is tendered. The ground upon which it is sought to obtain and perpetuate the testimony of said Stevens is that he is compelled to reside in Arizona for his health, is seriously ill and in danger of death.

Section 295 of the Civil Practice Act provides that "Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his rights. Such testimony may be taken only in pursuance of an order of a court in which the action may be brought, or a judge thereof."

There is no provision in this section for the giving of notice of an application for the order, nor is there any such provision in rule 123 of the Rules of Civil Practice relating to applications for orders to perpetuate testimony for a future action. Assuming for the sake of argument that the necessity of giving notice could be implied, there appears no good reason why such a provision should be inserted, but on the contrary, there are many reasons looking to an opposite conclusion. When an action is pending, notice to the opposing party is practically never impossible and ordinarily not difficult. When an action has not been commenced, however, it may often be impossible to give such notice within the time when the evidence is available. Moreover, when the framers of the act specifically provided, as they did (Civ. Prac. Act, § 292), for the giving of notice in the case of a pending action and omitted such requirement in the case of a prospective action (Id. § 295), it is evident that they did not intend to require notice in the latter case.

This construction further is borne out by the provision in section 303 that the testimony so taken by deposition may be read in evidence only against a party who, or whose predecessor in interest, was duly served with notice of the taking of the testimony *or of a copy of an order therefor or notice of its entry*, if granted by the court. Presumably the Legislature had in mind the possibility of a case, such as is the case at bar, where service of notice upon an expected party was impossible. In such a case it is apparent that the benefit of the testimony of a witness who is seriously ill might be forever lost by the death of such witness before service of notice

could be effected.  As noted, such difficulty as to service could not exist in an action which was pending.

The court, in granting the order appealed from, relied on the case of *Newman* v. *Potter* (201 App. Div. 335).  That case, however, involved a construction of sections 290–292 of the Civil Practice Act, which sections concern the taking of depositions in pending actions and not in prospective actions.  It is urged by the respondent that the language of the opinion is broad enough to cover all applications for the taking of depositions.  In said opinion, however, the particular sections under discussion were specifically referred to, and these sections provide for notice.  Since, therefore, no sections which did not in fact require notice were under consideration, it cannot be said that said decision is binding upon cases where no requirement of notice had been provided by the Legislature.

While the affidavits upon which the order for taking the deposition was obtained are subject to criticism because of the form in which the facts relied upon are set forth, nevertheless sufficient grounds do appear to sustain the exercise of the court's discretion in granting the order.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements to appellant, the motion to vacate denied, with ten dollars costs, and the original order reinstated.

DOWLING and SMITH, JJ., concur; CLARKE, P. J., and McAVOY, J., dissent on the authority of *Newman* v. *Potter* (201 App. Div. 335).

Order reversed, with ten dollars costs and disbursements to appellant, the motion to vacate denied, with ten dollars costs, and the original order reinstated.  Settle order on notice.