JOHN EDWARD TEALL, Appellant, *v.* EUGENE C. ROESER, Respondent.

Fourth Department, October 3, 1923.

Depositions — examination of defendant to enable plaintiff to frame complaint — basis of action is claim to share in commissions on sale of real estate — facts alleged show liability of defendant to account — examination not necessary to frame complaint in such action — as plaintiff may be entitled to sue at law examination should be granted — allegation by defendant that he has received no money and that disclosure would be disadvantageous to purchaser not ground for denying motion.

The plaintiff's affidavit upon an application for an order for the examination of the defendant before trial for the purpose of framing a complaint which stated that he and the defendant agreed to work together to find real estate satisfactory to a certain prospective purchaser; that the profits or commissions arising out of any sale to that purchaser were to be divided between the plaintiff and the defendant equally; that the plaintiff fully performed his part of the agreement, but that the defendant, while the agreement was still in force, sold real estate to the prospective purchaser, and that the plaintiff is ignorant as to the compensation which the defendant received or is to receive and of the terms and arrangements between the defendant and the purchaser, sets forth facts which, if true, are sufficient to show a liability on the part of the defendant to the plaintiff and a right in the plaintiff to enforce this liability by an action in equity for an accounting, and, therefore, for the purpose of framing a complaint in the action for an accounting no examination of the defendant is necessary.

But, since the plaintiff may be entitled to maintain an action at law depending upon facts of which he is ignorant, that is, whether or not the joint venture has

been closed and the consideration has been received by the defendant, the plaintiff is entitled to examine the defendant to determine the character of the cause of action, which is material, as on it will depend the right of the plaintiff to a jury trial.

The allegation in defendant's opposing affidavit that he had not received any cash as compensation does not justify denial of the motion, since he may have received other compensation, and furthermore, the plaintiff is entitled to test the truth of the statement by oral questioning, and likewise the statement by the defendant that the disclosure of the details of the transactions between the defendant and the prospective purchaser would be disadvantageous to the purchaser affords no ground for denying plaintiff's motion.

APPEAL by the plaintiff, John Edward Teall, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 5th day of February, 1923, denying his motion for an examination of the defendant before trial for the purpose of framing a complaint.

*Wile, Oviatt & Gilman* [*Percival D. Oviatt* of counsel], for the appellant.

*James M. E. O'Grady* and *Frederick Wiedman*, for the respondent.

SEARS, J.:

The plaintiff has commenced an action by the service of a summons and has been denied an examination of the defendant to enable the plaintiff to frame a complaint. The plaintiff in his affidavit upon which the application was based stated among other things that he and the defendant agreed to work together to find real estate satisfactory to a certain prospective purchaser and sell the same to him, any profits or commissions arising out of any sale or sales to that particular purchaser to be divided between them equally; that the parties entered upon the performance of the agreement and the plaintiff devoted much time and effort to the venture and fully performed the agreement on his part but that the defendant, while the joint venture was still in progress, succeeded in selling certain real estate to the prospective purchaser; and that the defendant had received or been promised large sums of money as consideration for procuring a purchaser or effecting the sale either by the purchaser or the former owner of the property, but that the plaintiff was ignorant of what compensation had been or was to be received by defendant and of the terms of all arrangements between the defendant and the purchaser.

The defendant by affidavit denied the alleged arrangement between the parties, admitted the sale of the property through his agency and alleged that he had received no cash and would not receive any until certain other transactions were closed. The defendant by affidavit also alleged that the transactions between

himself and the prospective purchaser were confidential and harm would come to the purchaser of the properties through a disclosure of the details of the transactions. The purchaser's affidavit corroborates these allegations.

It is clear from this statement and in fact is conceded by both parties that the plaintiff's affidavit sets forth facts which, if true, are sufficient to show a liability on the part of the defendant to plaintiff and a right in the plaintiff to enforce this liability by an action in equity for an accounting. To frame a complaint in an action for an accounting no examination of defendant is necessary.

But the plaintiff correctly contends that he may also be entitled to maintain an action at law, depending upon facts of which he is ignorant, namely, whether or not the joint venture has been closed and the consideration for the efforts of the parties has been received by the defendant. (*Felbel* v. *Kahn*, 29 App. Div. 270; *Burleigh* v. *Bevin*, 22 Misc. Rep. 38.)

This being so, the principle is applicable that when the plaintiff has a cause of action against a defendant but lacks information as to the character of the cause of action he is entitled to examine the defendant in order to enable him to frame his complaint. (*Heye* v. *American Chemical Eduction Co.*, 185 App. Div. 13; *Kastner* v. *Kastner*, 53 id. 293.)

The form of the action to be brought in this case is material, as on it will depend the right of the plaintiff to a jury trial.

The allegation of the defendant that he has received no cash as compensation does not justify the denial of plaintiff's motion. The defendant may have received other compensation than cash. Even though the defendant's statement be taken to mean that no consideration of any kind has been received by him, it does not justify the denial of the motion. The plaintiff may test the truth of the statement by oral questioning. (*Klaw* v. *New York Press Co., Ltd.*, 151 App. Div. 720.)

That the examination will be disadvantageous to the purchaser is no sufficient reason for curtailing the plaintiff's substantial rights.

The order should be reversed, with ten dollars costs, and motion granted.

All concur.

Order reversed, with ten dollars costs and disbursements, motion granted, and matter remitted to the Special Term to appoint a referee and fix the date of examination.