THOMAS H. CROSS and Another, on Behalf of Themselves and All Other Stockholders Similarly Situated, Respondents, *v.* BISHOP OIL CORPORATION and Another, Appellants, Impleaded with WILLIAM WALLACE MEIN, Defendant.    (Appeal No. 1.)

Second Department, December 17, 1926.

Corporations — stockholders — representative stockholders' action — motion for discovery and inspection of books to enable plaintiffs to frame complaint — affidavit, though on information and belief, states all essential allegations of complaint — discovery and inspection should be denied.

Discovery and inspection of the books of a corporation to enable the plaintiffs in their representative stockholders' action to frame a complaint, should be denied, where it appears that the affidavit used on the motion contains all of the necessary allegations for a complaint against the offending officer of the corporation and in favor of the corporation itself, and the mere fact that these statements are made upon information and belief does not justify granting an order for discovery and inspection, for the allegations in an action of that kind may be upon information and belief.

The affidavit alleges the conversion of funds by an officer and director of the corporation, the steps by which that result was brought about and that a

majority of the board of directors are under the domination and control of said officer, which makes it useless to demand that the action be brought by the corporation itself. The demand for relief is not a vital part of a complaint in an equitable action.

APPEAL by the defendants, Bishop Oil Corporation and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 25th day of June, 1926, granting plaintiffs' motion for discovery and inspection of the books and records of the defendant Bishop Oil Corporation, to enable the plaintiffs to frame a complaint, and also a separate appeal from an order entered in said clerk's office on the same day denying defendants' counter motion to dismiss the action for failure to serve a complaint.

*Montgomery Hare [Ralph O. L. Fay* with him on the brief], for the appellants.

*John J. Curtin [Wesley S. Sawyer* with him on the brief], for the respondents.

JAYCOX, J. The plaintiffs have obtained an order for discovery and inspection to enable them to frame a complaint.

In support of this motion the plaintiffs submitted the affidavit of Thomas H. Cross, one of the plaintiffs. This affidavit shows that the plaintiffs are both stockholders of the Bishop Oil Corporation. It shows, upon information and belief, that the defendant Mein has control of the Bishop Oil Corporation and the Wonder Company, Ltd., and that he has caused approximately $400,000 of the funds of these corporations to be advanced to purchase, either for him or for his benefit, certain cement properties owned by him, or for his benefit, in violation of his duty as a director and officer of the defendant corporations; that by means of this investment the funds of the defendant corporations have been diverted from their lawful purposes and uses and from the purposes for which they were intended by the stockholders, to the personal benefit of the defendant William Wallace Mein. The affidavit sets forth, in detail, the steps by which this result was brought about. It is true that all these different matters are stated upon information and belief. These facts may be alleged upon information and belief as well in a pleading as in an affidavit. The affidavit further shows that a majority of the board of directors of the Bishop Oil Corporation are under the domination and control of the defendant Mein. It further alleges that it would be useless to demand that this action be brought by the Bishop Oil Corporation by reason of the fact that the board of directors is so dominated and controlled.

The facts which it is necessary for a plaintiff to set forth in order to plead a derivative cause of action in a stockholder are few and simple. In this case, it is only necessary for the plaintiffs to plead facts showing an illegal diversion of the funds of the Bishop Oil Corporation for the benefit of the defendant Mein, and to show why the action may be brought by the plaintiffs as representatives of the corporation. These facts are fully shown in the affidavit of the plaintiff Cross.

Chief Judge CULLEN stated the necessary allegations of a complaint in this type of action as follows: " It is quite plain that the complaint in such an action should set forth but two things: *First,* the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action; *second,* the facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation itself has either refused or unreasonably failed to bring the action. Ordinarily no other allegations are necessary or material." ( *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121, 124.) The affidavit above referred to clearly shows that this is the kind of action which the plaintiffs desire to bring. The brief of the respondents states that this is a representative action by a minority stockholder. The facts disclosed by the affidavit, upon which this motion is based, are entirely sufficient to set forth a cause of action.

The court, at Special Term, granted the motion upon the authority of *Heye* v. *American Chemical Eduction Co.* (185 App. Div. 13) and *Teall* v. *Roeser* (206 id. 371) upon the theory that the facts in the possession of the plaintiffs were sufficient to enable the plaintiffs to frame some kind of a complaint, but that the plaintiffs had a choice as to the kind of action which they would institute, and that, therefore, they were not obliged to make an election until they were fully apprised of all the facts. The learned court, I think, overlooked the fact that the actions cited are not representative actions brought by a stockholder. They are purely personal actions, in which the cause of action does not, and never did, belong to the corporation, and in which the plaintiff seeks only to enforce his own rights. In such an action the plaintiff may have an election as to the character of the action he will bring. That, however, is not the situation here.

A stockholder's derivative or representative action is, necessarily, an action in equity. ( *O'Brien* v. *Fitzgerald,* 143 N. Y. 377; *Young* v. *Equitable Life Assurance Society,* H. T. KELLOGG, J., 49 Misc. 347, 351; Pom. Eq. Juris. [4th ed.] §§ 1094, 1095.) Everything

necessary to a complaint is set forth in the affidavit, except the demand for relief. The demand for relief is not a vital part of the complaint in an equitable action. " It is a familiar principle that a court of equity having obtained jurisdiction of the parties and the subject-matter of the action will adapt its relief to the exigencies of the case." (*Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507, 515.) As it clearly appears that the plaintiffs are in possession of all the necessary information to enable them to prepare a complaint herein, the motion for discovery and inspection should have been denied.

The order for discovery and inspection of the books, etc., of defendant Bishop Oil Corporation should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and LAZANSKY, JJ., concur.

Order for discovery and inspection of the books, etc., of defendant Bishop Oil Corporation reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Upon defendant-appellants' counter motion, the following decision was rendered:

Order denying motion to dismiss the action for failure to serve complaint affirmed, without costs; plaintiffs to serve a complaint within ten days from entry of an order hereon.

KELLY, P. J., JAYCOX, MANNING, YOUNG and LAZANSKY, JJ., concur.