In the Matter of the Examination of CORA GATHEN, Appellant, before Action, upon the Application of H. HENSHALL BATES, as Administrator of the Estate of DAVID GATHEN, Deceased, Respondent.

Third Department, May 20, 1927.

**Depositions — motion by administrator to take deposition for purpose of drawing complaint — administrator charges person sought to be examined with having used funds of decedent and with not having made accounting — administrator states in affidavit that "An action is contemplated " to make said person answer to her trust — failure to state that an action is about to be commenced is technical error — affidavit alleges facts sufficient from which to draft complaint — motion denied.**

The administrator of the decedent is not entitled to examine the appellant for the purpose of obtaining information from which he may draw a complaint, since it appears from the moving papers that the administrator claims that the decedent lived with the appellant for many years, that she transacted all his business, had possession of his personal property, has never made any accounting, and refuses to do so. The administrator further states that " An action is contemplated " to compel the appellant to account. The moving papers show a technical error in stating " An action is contemplated " rather than " An action is about to be commenced."

Furthermore, the administrator's contemplated action is one in equity and he
   has alleged facts sufficient to enable him to draft a complaint.   It is not necessary
   that he have the examination.

APPEAL by Cora Gathen from an order of the Supreme Court,
made at the Albany Special Term and entered in the office of the
clerk of the county of Albany on the 20th day of May, 1926, denying
a motion made by her to vacate an *ex parte* order made at the
Albany Special Term on January 27, 1926, requiring the appellant
to appear before a referee to take her deposition to enable the
administrator of the estate of David Gathen, deceased, to obtain
information for the drawing of a complaint.

*Frost, Watson, Cass & Looby* [*J. S. Frost* of counsel], for the
appellant.

*John S. Wolfe* [*Borden H. Mills* of counsel], for the respondent.

PER CURIAM. The respondent has been appointed administrator
of the estate of the decedent who was a veteran of the Civil War,
and who lost his eyesight during the war and who for many years
lived with and was cared for by the appellant, Cora Gathen, his
daughter. The respondent obtained the *ex parte* order for the
examination of the appellant upon his affidavit that the decedent
was the recipient of a large pension from the government for many
years and that he had other property, real and personal, including
a bank account in the joint names of the decedent and the appellant,
and that the appellant transacted all of decedent's business. He
alleged in such affidavit that the appellant had never made any
accounting and refused to make any accounting and " further
refuses to give any information by which the facts can be learned
what disposition she has made of his accumulated estate." The
respondent further alleges in his affidavit as follows: " An action
is contemplated to make her answer to her trust in her fiduciary
capacity and her other wrongful conduct in the handling of his
estate. It is necessary to take her deposition to enable this deponent
to obtain information to enable him to have a complaint drawn."

The respondent does not state that an action is about to be
commenced. He says: " An action is contemplated." Even if
this were sufficient, the respondent's contemplated action is neces-
sarily an action in equity for an accounting. His affidavit sets
forth facts sufficient to furnish the necessary allegations in such
a suit for an accounting. " The demand for relief is not a vital
part of the complaint in an equitable action." (*Cross* v. *Bishop
Oil Corporation, No. 1*, 218 App. Div. 632, 635.) A plaintiff must
establish a right to an accounting by interlocutory judgment
before he may examine a party on the account. (*Del Genovese* v.

*Del Genovese*, 149 App. Div. 266; *Brown* v. *Brown*, 203 id. 658; *De Rapalie* v. *Gavin*, 209 id. 883.) Therefore, to frame a complaint in this action for an accounting no examination of the appellant is necessary. (*Teall* v. *Roeser*, 206 App. Div. 371, 373.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion to vacate should be granted, with ten dollars costs.

COCHRANE, P. J., VAN KIRK, HINMAN, DAVIS and WHITMYER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.