HAROLD C. HAYDEN and Another, Plaintiffs, *v.* GOLD SEAL PRODUCTS COMPANY, Defendant.

Supreme Court, Monroe County, January 30, 1931.

*Harris, Beach, Folger, Remington, Bacon & Keating*, for the plaintiffs.

*Levi Ginsberg*, for the defendant.

RODENBECK, J. On the authority of *Teall* v. *Roeser* (206 App. Div. 371) the plaintiffs are entitled to an examination before trial in order to frame their complaint. The plaintiffs might commence an action in equity for an accounting, or sue for damages, and they are entitled to have the examination in order to determine the form of their action. " The form of the action to be brought in this case is material, as on it will depend the right of the plaintiff

to a jury trial." (*Teall* v. *Roeser, supra*, 373.) The case of *Flaacke* v. *Peck* (212 App. Div. 883) and other similar cases, in which an examination was denied, where the only information sought was the exact amount of the recovery to be demanded, have no application to the situation that exists in this case. The tendency in this department is to liberalize the practice with reference to examinations before trial, as illustrated in the case of *Lunt* v. *240 Goodman Street South, Inc.* (232 App. Div. 717), where the plaintiff was permitted to have an examination as to a defense, on the theory that the plaintiff was entitled to be prepared to anticipate " defendant's furnishing evidence controverting plaintiff's *prima facie* case."

Motion granted, without costs.