OLIVE COFFEY GIAUQUE, Individually and as Administratrix, etc., of WELLESLEY E. COFFEY, Deceased, Plaintiff, *v.* FIE CAROLINE COFFEY, Defendant.

Supreme Court, Niagara County, July 5, 1934.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Edward E. Franchot* of counsel], for the plaintiff, for motion.

*Augustus Thibaudeau* [*Glenn A. Stockwell* of counsel], for the defendant, opposed.

HARRIS, J. After service of the summons the plaintiff herein moves for an order directing the defendant to appear and be examined as a witness before trial for the purpose of framing a complaint. Such motion is made under section 288 of the Civil Practice Act and is based on affidavits which state, in effect, that the relief sought is to cancel and set aside certain deeds from Wellesley E. Coffey, deceased, to the defendant, on the ground that such deeds were executed and delivered by the said Coffey as the result of mistake, misrepresentation, fraud, coercion and/or undue influence on the part of the defendant. The affidavits further set forth a belief on the part of the plaintiff that, although regarded as husband and wife, the said Coffey and the defendant were never legally married, and that during his fatal illness the said Coffey was under the influence of drugs administered to him by the defendant, and that such conditions led to the practice of fraud, misrepresentation or coercion on the said Coffey by the defendant and his mistake of the true situation of his reputed marriage.

The affidavits further allege that the circumstances surrounding such alleged marriage and the giving of such drugs are not known to the plaintiff and she has no means to ascertain them and that the defendant alone has special knowledge of the facts covered by such statements in reference to the alleged marriage and the use of drugs.

The plaintiff is the daughter of the said Coffey by an earlier marriage. The defendant opposes the granting of the motion on the ground that there is no warrant in law for the granting of the same.

Since the enactment of this section, the courts have, from time to time, construed it liberally and each construction emphasizes that the object of such liberality is to establish means so that one party to the litigation may not unfairly keep from the other party information which is not known to such other party and is necessary and essential for such other party to pursue his cause of action.

In the motion at bar the plaintiff sets forth sufficient matter to be the basis of a complaint but not sufficient to state in the complaint, *first*, whether the transfer was made through mistake, misrepresentation, fraud or coercion, and, *second*, the facts that constituted such mistake, misrepresentation, fraud or coercion.

I am of the opinion that the plaintiff is entitled to such information to the extent of establishing whether the cause of action is based on mistake, misrepresentation, fraud or coercion. In order to get that information apparently it is necessary that she examine the defendant. The defendant should have no good legal reason

to object to such examination and any other reason would not avail here. (Civ. Prac. Act, §§ 288, 295; *Teall* v. *Roeser*, 206 App. Div. 371.)

The plaintiff may have an order directing the defendant to appear and be examined as a witness on the matters hereinbefore specified. This examination should develop (a) whether or not the alleged marriage was legal; (b) if it were illegal, whether such illegality was known to the said Coffey or whether he acted in the belief that it was a legal marriage; (c) whether the facts concerning such alleged marriage were concealed by the defendant from the said Coffey and resulted in fraud on him, and (d) whether the use of drugs in Coffey's last illness resulted in an unfair control of his mind by the defendant.