ALFRED J. TALLEY, Plaintiff, *v.* CHARLES LAMB, Defendant.

Supreme Court, Special Term, New York County, October 16, 1946.

*Lamb & Lamb* for defendant.

*Joseph A. Kennedy* for plaintiff.

GAVAGAN, J. It appears from the papers submitted that what the defendant is really seeking on the present application is to examine the plaintiff prior to the service of a counterclaim in order to ascertain *whether or not the defendant possesses a good cause of action against the plaintiff*. Such an application must be denied in view of the well-settled rule that an examination before trial will not be granted, prior to issue joined, merely for the purpose of enabling the movant to determine whether or not facts exist sufficient to create a cause of action (*Beikirch* v. *Loebs*, 243 App. Div. 859). The defendant is not without remedy. *On the basis of the statements made in his moving affidavit he may plead a counterclaim predicated upon allegations made upon information and belief.* After the service of a reply he may then move for an examination before trial.

Defendant attempts to bring himself within the doctrine of *Heye* v. *American Chemical Education Co.* (185 App. Div. 13) where an examination was permitted prior to joinder of issue,

in order to enable the applicant *to elect* between possible alternative causes of action. Here no such election is necessary since no counterclaim for an accounting, which is claimed to be defendant's alternative remedy, is either necessary or proper, in view of the fact that plaintiff is suing for an accounting. Indeed, the reply brief submitted by the defendant concedes that " it is well known that a counterclaim for an accounting cannot be made in an action for an accounting." If defendant should plead a counterclaim for rescission but fail to succeed thereon at the trial, he may, nevertheless, on the accounting sought by plaintiff in the complaint establish and obtain credit for any claims which he may possess against the plaintiff arising out of the partnership and the partnership business.

The motion to examine plaintiff before trial is accordingly denied but without prejudice to a renewal after joinder of issue.