NEW ERA HOMES CORPORATION, Respondent, v. ENGELBERT FORSTER et al., Appellants.— In an action to recover an unpaid installment alleged to be due under a building contract, judgment of the County Court, Nassau County, in favor of respondent, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ. [See post, pp. 928, 994.]

WILLIAM J. PETERMAN, Appellant, v. MORRIS SCHPELMAN, Respondent.— In a negligence action, order denying motion of plaintiff for examination of defendant for the purpose of identifying one or more other proper defendants, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs, the examination to proceed on five days' notice. Assuming that the pertinent provisions of the Code of Civil Procedure (§ 870 et seq.) precluded examination before commencement of the action for a purpose other than perpetuating testimony (contra Matter of Weil, 25 App. Div. 173), present section 295 of the Civil Practice Act warrants examination for the purpose of identifying a party where, at least, a meritorious cause is shown, as an incident to the protection of the rights of the expected party in the prosecution of the action. (Lauffer v. Eastern Star Temple, 210 App. Div. 619, 621, 622; Matter of Strope [Albany Steel & Iron Supply Co.], 263 App. Div. 765; Matter of Weil, supra.) Rule 122 of the Rules of Civil Practice furthermore may be read in conjunction with section 295 of the Civil Practice Act. That rule contemplates an application to take depositions to draw a complaint under any provision of article 29 of the Civil Practice Act. The term " party ", as used in the rule, includes one who is about to commence an action. Carswell, Acting P. J., Johnston, Adel, Nolan and Wenzel, JJ., concur.

RONNIE G. SCHWARTZ, an Infant, by WILLIAM SCHWARTZ, Her Guardian ad Litem, et al., Appellants, v. SUNLIGHT APARTMENTS, INC., Respondent.— Appeal from resettled order denying plaintiffs' motion for leave to serve and file a demand for a jury trial nunc pro tunc. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, without costs. The facts show that there was no intention to waive a jury trial and that the failure to demand a jury trial was due to the inexperience of plaintiffs' attorney's assistant. Since the motion to be relieved from the inadvertence was made so soon after the mistake occurred and could not adversely affect the defendant, the relief should have been granted. (Storch v. High Grade Land Corp., 273 App. Div. 1010; Sorrin v. Lieberman & Rind, Inc., 270 App. Div. 823; 295 Classon Ave. Co. v. City of New York, 267 App. Div. 961.) Carswell, Acting P. J., Johnston, Adel, Nolan and Wenzel, JJ., concur.

## (October 20, 1948.)

In the Matter of the Application of RICHARD ROBINSON BONGARTZ for Admission to Practice as an Attorney. (From the State of Pennsylvania.) — Application granted. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.