Charles J. Beckinella, J.
Plaintiffs ask an examination of defendants to enable them to frame a complaint in an action begun by them by the service of a summons. There are two groups of defendants, to wit, the three individuals so designated and the corporate defendant Brooklyn Union Gas Company. By stipulation the time of the former to appear and answer was extended to a date subsequent to the motion herein and no point of plaintiffs’ asserted default in respect to the service of a complaint is raised by them. Defendant Gas Company assorts, however, that it served a notice of appearance in the action on May 31, 1956, and that plaintiffs are, as to it, in default with respect to the service of its complaint. Plaintiffs seek, on their present motion, if granted, to have the court allow them an extension of time to serve their complaint until after the completion of the examination which they seek. If, as the corporate defendant claims, plaintiffs are in default, proper procedure would be available to them as prescribed in section 257 of the Civil Practice Act(cf. Blasser v. Morrisarnia Milk Co., *170 243 App. Div. 281). But a defendant may waive a default and accept a pleading. If not, and they were challenged in this respect, plaintiffs would have to seek to be relieved of their default. With this aspect of the situation the court, however, is not presently concerned for none of the interested parties specifically moved with respect thereto and an action need not even have been commenced, but merely projected, to obtain relief such as it now sought. (Peterman v. Schpelman, 274 App. Div. 901.)
The aspect of the motion which is before the court for immediate determination is plaintiffs’ right to the examination which they seek. On the facts presented, it sufficiently appears that they are. They assert that they were injured in an explosion, presumably of gas, in the basement of a restaurant premises in which they were at the time employed; that none of them was present in such basement at the time, or has knowledge ' ‘ of the cause of the apparent gas leakage or of what steps or procedures were taken by the defendants to correct the said situation.” They assert that the individual defendants ‘ ‘ owned, operated and controlled the said premises,” and that the corporate defendant ‘ ‘ sent its representatives to the said premises, and upon information and belief, the said representatives performed certain inspection and repair in the basement of the said premises for that purpose. ’ ’
It would appear, therefore, that plaintiffs have a cause of action but are uncertain as to the defendant or defendants against whom it lies, or as to the precise facts upon which they may base it. Under such circumstances, examinations such as now sought have been allowed (Peterman v. Schpelman, supra; Matter of Kerwin, 246 App. Div. 668; Teall v. Roeser, 206 App. Div. 371).
Motion, accordingly, is granted as prayed for. Settle order on notice, fixing the time and place of examination, the scope thereof stated in the moving affidavit and the date thereafter by which the complaint is to be served.