G. Robert Witmer, J.
On notice to Israel Z. Cohen, John B. Dewhirst makes application to examine him under section 295 of the Civil Practice Act in preparation for the institution of an action.
The applicant states that in November, 1956, he was in the employ of J. Cohen & Son Co., Inc., under a valid oral contract for a stated term less than one year; that on November 9, 1956, respondent Israel Z. Cohen, an officer of said company, dismissed applicant from said job, and at that time told him that his services were satisfactory but that certain employees had met and delivered to Mr. Cohen their ultimatum that he must discharge applicant or they would quit. Applicant states that he intends to sue the said persons, for unlawful interference with his contract of employment, and he contends that before instituting such action he is entitled to examine Mr. Cohen (1) to ascertain the identity of the persons who delivered such ultimatum to him, and (2) to learn what they said.
An examination of this sort may not be had unless it appears prima facie from the affidavits in support thereof that the applicant has been wronged and has a cause of action. (Corbin v. Niagara Junc. Ry. Co., 1 A D 2d 753.) From his affidavits herein it appears that applicant may be able to circumvent some of the legal difficulties which attend cases of this sort (see Terry v. Dairymen’s League Assn., 2 A D 2d 494), and may very well have a valid cause of action for interference with his contract rights. (See Hornstein v. Podwits, 254 N. Y. 443; Lamb v. Cheney & Son, 227 N. Y. 418; Posner Co. v. Jackson, 223 N. Y. 325.)
Accordingly the application to examine Mr. Cohen as to the identity of the employees who gave such ultimatum is granted. (Peterman v. Schpelman, 274 App. Div. 901; Matter of Cohen *758 [Stewart], 179 Misc. 6, affd. 265 App. Div. 1029; Matter of Strope, 263 App. Div. 765; Matter of Weiss [Mount Sinai Hosp.], 208 Misc. 1010; Matter of Kaufman [Haffer], 143 N. Y. S. 2d 853.)
The application to permit examination as to the substance of what the employees said to Mr. Cohen is also granted. In cases where it appeared that the applicant had sufficient information to draft a complaint, as a matter of policy the right to examine for such purpose has been denied. (Matter of Cohen [Stewart], supra; Matter of Dreyfuss [Title Guar. Trust Co.], 244 App. Div. 822; Lindquist v. Spencer & Son Corp., 65 N. Y. S. 2d 482.) In the case at bar, however, the applicant does not appear to have such information; the examination is needed in order to frame his complaint; and no abuse is in prospect. (Matter of Kerwin [Brady], 246 App. Div. 668; Lauffer v. Eastern Star Temple, 210 App. Div. 619; Teall v. Roeser, 206 App. Div. 371; Lockwood v. Merchants Desp. Transp. Co., 142 Misc. 470; Hayden v. Gold Seal Prod. Co., 139 Misc. 333; Leonard v. Home Owners Loan Corp., 39 N. Y. S. 2d 127.)
Submit order accordingly.