G-. Egbert Wither, J.
Movant, the record librarian of the Arnot-Ogden Memorial Hospital in Elmira, New York, seeks to have vacated the ex parte order of this court granted March 10,1958 requiring her to submit to an examination by the applicant before the institution of an action. It appears that the applicant is the parent of an infant born September 27, 1955 with a congenital defect, and that an operation to correct the same was performed the next day in the Arnot-Ogden Hospital. The affidavit in support of the original order to examine the record librarian states that the operation was successful, but that upon hearsay evidence applicant believes that during the operation the child was placed upon a warming device and was burned. The order grants applicant the right to examine the •record librarian concerning the infant’s birth, operation, care and treatment, burns received during the operation, and the names of the nurses in attendance.
Movant seeks to have the order vacated because (1) the records belong to the hospital and the doctors, (2) the infant’s parents have not given written authorization for examination of the records, (3) the doctors have not authorized the examination, (4) no subpoena fee was paid to movant, and (5) it appears from applicant’s affidavit that the examination is unnecessary. Movant also contends that the order is invalid because it was made without notice to anyone, including the doctors.
It is true that the order should direct that the hospital be examined through its proper employee. The applicant’s papers indicate that such was his intention, but the order is somewhat ambiguous in this respect, and should be modified. Certainly the application of the parent constitutes an authorization for an examination of the infant’s records. Since the parents’ attorney signed the affidavit in support of the order, the parent is directed to sign and deliver to the hospital an authorization for the examination, before such examination takes place. Applicant’s counsel announced on the argument that a subpoena was served on movant, and that objection was accordingly withdrawn.
The objection that the order was made without notice has no merit. (Matter of Schellings & Co., v. Klein, 284 App. Div. 1050; *700 Matter of Cohen [Stewart], 265 App. Div. 1029, affg. 179 Misc. 6; Matter of Kerwin [Brady], 246 App. Div. 668; Lauffer v. Eastern Star Temple, 210 App. Div. 619; Matter of National City Bank [Stevens], 205 App. Div. 513.) The person to be examined has a right to be heard, as was obtained herein, upon a motion to vacate the ex parte order.
The above-cited cases also sustain the propriety of the order authorizing the examination to ascertain the identity of those responsible for the infant’s injuries. Movant’s argument that applicant could sue the doctors, whose names he knows, and then examine them to ascertain the names of the nurses so that he may then add them as defendants is specious in view of the holding in this department in Smith v. 501 Washington, Inc. (275 App. Div. 899). (But cf. Peterman v. Schpelman, 274 App. Div. 901.)
The cases also clearly support applicant’s right to the examination in order to frame a complaint. (Matter of Kerwin [Brady], supra; Matter of Dewhirst [Cohen], 4 Misc 2d 756, and cases cited therein; Hoyt v. Cornwall Hosp., 169 Misc. 361; Silverman v. Nachwalter, 10 Misc 2d 169.)
The order to which this motion is addressed is somewhat broader than necessary. No claim of malpractice is made, and so the examination should not include details of the operation,, except as related to the placement of the infant during the course thereof. Accordingly, the order should be amended to provide in substance as follows:
“ Ordered that Arnot-Ogden Memorial Hospital of Elmira, New York through Alta Young, its Record Librarian, or other qualified employee in charge of its records herein referred to, appear for examination before Joseph B. Hayes, Esq. at his office in the Realty Building, Elmira, New York and submit to an examination to identify and explain such records and submit the records for examination with respect to the following matters: The condition of the infant Mary E. Kabes at her birth on September 27, 1955, the details of how she was placed and handled externally during the course of the surgical operation performed on her on September 28,1955, and the burns she received, if any, during the course thereof, and her subsequent care and treatment with respect thereto, together with the names of the nurses in attendance upon the birth, operation, care and treatment of said infant at the times above referred to.”
Submit order accordingly.