Carl W. Peterson, J.
Miss Rosalie Wollen, hereinafter designated as the petitioner, has made an application to this court for an order to examine before trial B. R. De Witt, Inc. and S. J. Groves & Sons Company, hereinafter designated as the respondents, pursuant to section 295 of the Civil Practice Act. The application for the order to examine the respondents is predicated upon the affidavit of Mr. J. Mark Wollen, attorney for Miss Wollen. It appears from the affidavit that Miss Wollen was the victim of an automobile accident which occurred about June 7,1958 when a motor vehicle in which she was riding as a passenger struck a tree after leaving the highway. She is alleged to have sustained serious bodily injuries as a result thereof. By inference from the affidavit, it appears that the accident was caused by loose gravel or other debris being deposited upon the highway in the location on the highway at which the accident occurred. It is a fair inference from the affidavit that the petitioner, as a passenger in the automobile, has a meritorious cause of action against anyone responsible for having so cluttered the road with gravel or debris as to create a dangerous condition which may have caused the accident.
Section 295 of the Civil Practice Act provides as follows: ‘1 Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his *755 rights. Such testimony may be taken only in pursuance of an order of a court in which the action may be brought, or a judge thereof.”
It has been held that this section warrants examination for the purpose of identifying a party where at least a meritorious cause is shown as an incident to the protection of the rights of the expected party in the prosecution of the action. (Peterman v. Schpelman, 274 App. Div. 901; Lauffer v. Eastern Star Temple, 210 App. Div. 619; Matter of Strope, 263 App. Div. 765; Matter of Schellings & Co. v. Klein, 284 App. Div. 1050.)
And likewise an examination under this section was held proper to ascertain how a child was injured in a hospital in order to commence an action for damages. (Matter of Kerwin, 246 App. Div. 668.) See, also, Lockwood v. Merchants Desp. Transp. Co. (142 Misc. 470) wherein the court said (p. 471): “ There is authority, under the present practice, as there was under the old practice, to have an examination before trial in a proper case, in order to frame a complaint. Such an examination, however, will be permitted only where the plaintiff desires it for the purpose of stating, with sufficient definiteness and certainty, a good complaint. She should have an examination to enable her to state all the grounds of negligence upon which she claims to be entitled to recover.”
And as was said in Garrett v. McAllister (137 Misc. 721, 724): “ Where the plaintiff is not in possession of facts justifying allegations of liability, section 295 of the Civil Practice Act provides the procedure whereby in a proper case the necessary information may be obtained.”
It seems obvious to this court that the weight of authority leans in favor of permitting this proposed examination.
An order may be entered accordingly.