William R. Brennan, Jr., J.
This is an application prior to the commencement of an action to examine the hospital at which the female plaintiff was confined for a hip injury. She states that some two weeks following an operation to reduce the hip fracture a nurse or nurse’s aide insisted upon her walking to the lavatory instead of giving her beside attention; and that as a result of her effort to walk she stumbled, undoing the pin which had been inserted in her hip, and shattering the hip. It is sought to examine the hospital in order to ascertain the name of the nurse or aide, whether there are additional parties responsible for the injury, and as to the circumstances surrounding the occurrence, in order to frame a complaint.
The hospital resists the application contending that an examination to frame a complaint before commencement of the action should not be permitted as a matter of law and because it is unnecessary.
In this Department, it is settled that a plaintiff in a negligence action may examine a defendant for the purpose of identifying one or more other proper defendants and that rule 122 of the Buies of Civil Practice relating to taking depositions to frame a complaint may be read in conjunction with section 295 *20 of the Civil Practice Act (testimony by deposition before action is commenced), the word “party” in the rule being held to include one about to commence an action. (Peterman v. Schpelman, 274 App. Div. 901; see, also, Matter of Schellings & Co. v. Klein, 284 App. Div. 1050; cf. Matter of Wollen v. B. R. De Witt, Inc., 17 Misc 2d 754.) There is no claim that the plaintiffs are proceeding in bad faith; there is no showing that the named defendant will be prejudiced by the examination or that the hospital’s connection with the incident complained of is so remote that it can claim to be an innocent bystander subject to great inconvenience without cause. In the absence of any circumstances compelling a different conclusion, this motion is granted.