William R. Brennan, Jr., J.
Where special circumstances exist, an examination of any witness before the commencement of an action is authorized to determine the identity of prospective parties (Matter of Schellings & Co., 284 App. Div. 1050) and for. the purpose of framing a complaint (Peterman v. Schpelman, 274 App. Div. 901; see, also, Matter of Roland [Deak], 10 A D 2d 263). The petitioner’s intestate, in the *136 instant case was killed by an explosion while welding a drum maintained as a channel marker by the Town of Oyster Bay. The deceased was an employee of the Town of Oyster Bay and his widow seeks to establish the identity of the supplier of the drum for the purpose of commencing a third-party action.
The respondent town, in opposing the motion, submits an affidavit by an employee in charge of Tobay Beach where the accident occurred, alleging it is impossible to identify the dealer, supplier, or source of the particular drum. While this may be so, it is not sufficient reason to deny the examination. The applicant is entitled to establish to her satisfaction upon examination this witness’ knowledge or the lack thereof. The very affidavit of this witness establishes that he, if anyone, is the person having special and exclusive knowledge of the facts sought to be elicited.
The fact that the town is not a party to the action does not preclude the examination of its employee as a witness (cf. City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369). Let the examination proceed.