## (April 18, 1961)

■ JAWDAT N. KHURI, Appellant, v. M. W. KELLOGG COMPANY, Respondent.

APPEAL from order of the Supreme Court at Special Term, entered December 14, 1960, in New York County, which denied a motion by plaintiff for an order directing the examination of a prospective witness for the purpose of framing a complaint.

Order, entered on December 14, 1960, denying plaintiff's motion for the examination of a prospective witness, affirmed.

BREITEL, J. P. (dissenting). This case presents anew an example of procedural technicalities being exalted for their own sake and the ultimate purpose of litigation being diverted from the vaunted pursuit of truth.

Plaintiff has been told by the witness, whose examination he seeks and under whom he has worked as a research assistant, that an unnamed person associated with defendant corporation gave the witness information, discreditable to plaintiff, and on the strength of such information the witness will not recommend plaintiff to prospective employers. Further the witness will not voluntarily say, although he writes in a letter that he would be pleased to tell all under

testimonial compulsion. As a consequence plaintiff cannot frame a complaint nor can he know whether he has a cause of action.

Defendant successfully resists examination of the witness on the argument, usually valid, that plaintiff has not exhausted his possible source of information, namely, by first examining defendant. In the meantime, defendant says nothing. It does not identify any person associated with it as responsible for any statement to the witness; nor does it reveal what was said. Of course, all of this is within its technical rights, according to the precedents which have only slowly and sometimes grudgingly extended discovery in the State practice. Later, if plaintiff seeks to examine defendant for the purpose of framing a complaint, it will undoubtedly argue, perhaps successfully, that plaintiff does not show that he has any cause of action and therefore he is not entitled to the examination (see Tripp, Guide to Motion Practice [rev. ed.], p. 201).

None of this makes for substantial respect for judicial procedure. Nor is it in accord with the progressive experimental spirit expressed in *Matter of Roland (Deak)* (10 A D 2d 263).

I would end the procedural game before it starts. Since the defendant has not disclosed which of its personnel spoke with the witness or what was said, it should not be permitted to make impenetrable its own "wall of silence" any more than was permitted to the one in *Matter of Roland (Deak) (supra)*.

The plaintiff has demonstrated a "describable sense of the wrong that he thinks hurts him" (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582, 583). He has told all he knows and his quest for further information can hardly be characterized as a pursuit of idle curiosity or an unwarranted invasion of privacy. He should be no less entitled to invoke judicial process than one who knows a legal wrong has been done to him but cannot determine who has committed the wrong (see *Peterman* v. *Schpelman*, 274 App. Div. 901; *Matter of Schellings & Co., v. Klein*, 284 App. Div. 1050). In either case the harm is felt and yet the obstacle to stating a cause of action is insurmountable unless examination or discovery is permitted.

Accordingly, I dissent and vote to reverse, on the law and in the exercise of discretion, the order denying plaintiff's motion to examine the witness Sahni for the purpose of framing a complaint, and to grant such motion.

Valente, McNally and Steuer, JJ., concur in decision; Breitel, J. P., dissents in opinion in which Bastow, J., concurs.

Order, entered on December 14, 1960, denying plaintiff's motion for the examination of a prospective witness, affirmed, with $20 costs and disbursements to the respondent.