KATE MODLIN and Others, Appellants, *v.* HARRY LICHT and Others, Respondents, Impleaded with JACOB JACOBSON and Others, Defendants.

Second Department, November 9, 1928.

*Bruce R. Duncan* [*Mitchell Klupt* with him on the brief], for the appellants.

*Meier Steinbrink* [*Harold M. Kennedy* with him on the brief], for the respondents.

SCUDDER, J. The plaintiffs and the defendant Licht entered into a real estate speculation. A corporation was organized to take title to the property purchased, and the corporate stock was divided among the parties. Defendant Licht induced the other parties to sell to him 210 lots, for which no money consideration passed at the time of sale. After this sale, 390 lots remained in the original parcel, which Licht made overtures to buy, offering a ten per cent profit to the other investors for their corporate stock. The stock was sold, but it appears that, prior to the sale, Licht and defendant April, who had been made president of the corporation at Licht's instigation, had been negotiating with other persons to sell to them the entire tract of 600 lots. These negotiations were not revealed to the appellants. On the contrary, they were told that the real estate market was quiet, but that they might be able to sell the property in the following spring.

There is little, if any, dispute as to the facts. The question for determination is: Did defendants Licht and April owe a duty to disclose to the plaintiffs the secret negotiations they were having for the sale of the property to third parties?

The parties were essentially joint adventurers, and, as such, owed the duty of utmost good faith to each other. They were accountable for secret profits. (*Selwyn & Co.* v. *Waller*, 212 N. Y. 507.) Where, as in this case, the defendants' conduct was not honest, equity will look behind the corporate form and consider the parties in their real relation to each other. (*Goss & Co.* v. *Goss, No. 2*, 147 App. Div. 698.) The evidence justifies the conclusion that defendants Licht and April committed affirmative acts of fraud against the plaintiffs. In violation of their obligation to act in good faith, they conspired to purchase the plaintiffs' interest in the enterprise in the form of corporate stock while secretly negotiating for the sale of the corporate assets, at the same time representing to the plaintiffs that their stock was worth less than its true value because of a stagnated real estate market. These acts constitute such fraudulent conduct as to warrant a court of equity in granting relief. (*McManus* v. *Durant*, 168 App. Div. 643.)

The judgment should be reversed upon the law and the facts, with costs against respondents Harry Licht and Walter April, and judgment directed in favor of plaintiffs for the equitable relief

demanded in the complaint, with costs against said respondents. The findings of fact and conclusions of law inconsistent with this opinion are reversed and new findings and conclusions will be made.

LAZANSKY, P. J., KAPPER, HAGARTY and SEEGER, JJ., concur.

Judgment reversed upon the law and the facts, with costs against respondents Harry Licht and Walter April, and judgment directed in favor of plaintiffs for the equitable relief demanded in the complaint, with costs against said respondents. Findings of fact and conclusions of law inconsistent with this decision are reversed, and new findings and conclusions will be made. Settle order on notice.