FIRST DEPARTMENT, JANUARY, 1931.

WILLIAM Z. SPIEGELMAN, Individually and Also in Behalf and for the Benefit of the JEWISH BIOGRAPHICAL BUREAU, INC., Appellant, *v.* HIRAM ELFENBEIN, Respondent, Impleaded with JOHN SIMONS and Others.

FINCH, J. (dissenting). Plaintiff, appellant, as owner of fifty per cent of the capital stock of the defendant corporation, and as one of its two directors, individually and for the benefit of the defendant corporation, sues the owner of the remaining fifty per cent of the capital stock and certain other individuals, because of their acquisition of the property and business of the corporation pursuant to an alleged conspiracy. Hiram Elfenbein, one of the alleged conspirators, has procured an order dismissing the complaint upon the ground that it fails to state a cause of action against said defendant. It is my opinion that a sufficient cause of action is alleged. The complaint states two causes of action, the *first*, a derivative one, seeking the restoration to the corporation of its property and business; the *second*, as an alternative to the first cause of action, seeking recovery, in the individual right of the plaintiff, of the reasonable value of his rights and interests in the corporation, of which he claims to have been deprived by the unlawful acts of the defendants. In brief, the complaint alleges that the plaintiff and defendant John Simons agreed to become joint adventurers in acquiring the ownership of the defendant corporation and to carry on and promote its business for their joint and equal benefit. Each became a fifty per cent stockholder, and a director and officer. Working together, they prepared and published " Who's Who in American Jewry " and a proposed " Jewish Communal

Directory of the United States." After plaintiff had devoted many months of his time to the corporation and had contributed thereto his talents, prestige, funds and credit, defendant John Simons, about January, 1930, determined secretly and underhandedly to deprive plaintiff of his rights in the assets of the corporation and, in conspiracy with and through the aid and co-operation of the other individual defendants, all acting intentionally and willfully with full knowledge of the rights of the plaintiff, accomplished that purpose by causing an action to be brought against the corporation founded upon no valid legal obligation of the corporation; by withholding from the plaintiff knowledge of the fact that such action was brought; by causing a default judgment to be entered and withholding from the plaintiff knowledge thereof; by procuring an execution sale which was not held in accordance with the provisions of law, without notice to the plaintiff, and by having defendant Elfenbein buy the property at the said execution sale for a nominal consideration; and by thereafter organizing a new corporation which took over all the property of the defendant corporation, including property not sold at the execution sale, and thereafter continuing the business theretofore conducted by the defendant corporation through a newly organized corporation. Then follows the usual allegation excusing the necessity for a demand upon the defendant corporation to bring the action by showing that such demand would be futile. In the second cause of action plaintiff sets forth the above facts and alleges that his individual right and interest in the corporation at the time of the pirating was of the fair and reasonable value of $10,000. The complaint alleges sufficient ultimate facts to show spoliation of the property and business of a corporation through a conspiracy invented and headed by the president, who was also a fifty per cent stockholder and one of the two directors of the corporation, in which conspiracy the respondent actively participated. The relation of directors to the stockholders and to their fellow directors is essentially that of trustee and *cestui que trust*. Fidelity and morality of the highest order are. demanded. ( *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185, 193.) This was the measure of the obligation of the defendant John Simons, as a director and president, which he owed to the plaintiff as a director and also as a stockholder. Even as a co-owner of the corporate stock, there was owing to the plaintiff from Simons the duty of fair and equitable treatment in respect to the corporate affairs. (*Farmers' Loan & Trust Co.* v. *N. Y. & N. R. Co.*, 150 N. Y. 410; *Modlin* v. *Licht*, 224 App. Div. 614; *Drucklieb* v. *Harris*, 158 id. 873.) In violation of his duty to prevent, so far as he legitimately could, the commencement of an action against the corporation, the complaint alleged that he connived and procured such action to be brought upon an unfounded claim. Instead of defending the corporation against such a claim, he suffered and procured a default judgment. Likewise, instead of seeking to prevent an unjust execution sale, he procured the same. While his duty likewise was to have the property at such sale produce the highest price (*Hoyle* v. *Flattsburgh & Montreal R. R. Co.*, 54 N. Y. 314, 329), instead he arranged for its sale to a co-conspirator, the respondent, for a nominal consideration. In the place of conserving all the corporate property not sold at the execution sale, it is alleged he joined in organizing a corporation and procured the latter to appropriate all the property and business. Throughout all these proceedings and events, and disregarding his duty to notify his codirector, co-officer and costockholder of what was taking place and seeking his co-operation

in preserving the corporation and its property and business, instead, it is alleged, he concealed from the plaintiff everything that was happening. The liability of the respondent, who, it is alleged in the complaint, purchased the assets of the corporation for a nominal sum and knowingly, willfully and intentionally acted in complete accord with the president, is not less than that of the latter. (*Public Shoe Stores* v. *Goldstein*, 225 App. Div. 350.) The right of the plaintiff to maintain this action in behalf of the corporation is clear. (*Cross* v. *Bishop Oil Corp.*, 218 App. Div. 632.) The learned court at Special Term was of the opinion that since the debt on which the default judgment was recovered was due, this action would not lie, citing *Dalury* v. *Rezinas* (183 App. Div. 456; affd., 229 N. Y. 513). It is alleged, however, in the case at bar that the action " was not founded upon any valid legal obligation " of the corporation, that it was procured to be brought by the president, that the default was collusively arranged and that the alleged execution sale was not held in accordance with the provisions of law governing execution sales. The foregoing allegations, if true, entitle the plaintiff to relief. Moreover, had the debt been founded upon a valid legal obligation, instead of upon an invalid one, the presence of a valid legal proceeding cannot be used by the defendants as an instrument to perpetrate a fraud whereby they may transfer the property from the corporation, of which they are officers and directors, to their personal profit. (*Tiffany* v. *Smith*, 121 App. Div. 929; affd., 194 N. Y. 539.) The second cause of action is likewise good. The acts of John Simons and his co-conspirators were wrongful not only towards the corporation but towards the plaintiff individually. As a result, the plaintiff may assert his damage to the extent of the fair and reasonable value of his interest in the corporation, of which he has been deprived. Upon a trial it may be determined that the relief which should be granted would be to award to the plaintiff the damages which he has sustained as an individual, instead of decreeing restitution to the corporation. With all the evidence before it, it may be that the court will grant relief in disregard of the corporate form, as was done in *Matter of Auditore* (223 App. Div. 654); but upon this I express no opinion. It follows that the order appealed from should be reversed and the motion to dismiss the complaint as to defendant Elfenbein denied.